(Decided 2nd March, 1882.)

BENJAMIN F. GOULD, Trustee *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Claim for Taxes or Assessments not barred by a Failure to collect within four years—Construction of the Act of 1861, ch. 94—Taxes a Charge upon the proceeds of Sale—Obligation of Trustees in respect of Taxes and Assessments binding on the Trust property.*

A trust estate created by will, was brought into a Court of equity for its supervision of the administration of the trust. The trustees

Gould, Trustee *vs.* Mayor, &c., of Baltimore.

acting under a power in the will, but subject to the control of the Court, sold on the 13th of March, 1876, to S. B., a portion of real property in the city of Baltimore belonging to the estate. The sale was ratified on the 4th of May, 1876, and a deed was made to the purchaser on the 28th of September, 1877. By the terms of sale the trustees were bound to convey the property to S. B., free and clear of all taxes and assessments to the 1st day of January, 1876. On· the 28th of September, 1875, there had been an assessment made by the city authorities upon the property along H. street, for the grading, paving and curbing of said street. Bills for the assessment so made, were delivered to A. G., one of the trustees, on the 30th of November, 1875, with demand of payment; and a second bill calling for payment within thirty days of the date of its delivery was delivered to said trustee on the 5th of April, 1876. But there being a question raised as to the legality of the assessment, payment was withheld by the trustees. S. B. in order to get a deed for the property purchased by him, proposed to pay up the purchase money in full, and to give his separate check for part of said purchase money, being the amount of the assessment chargeable to that portion of the property purchased by him, said check to be held by A. B. & Son to await the issue of the claim of the city. This proposition was acceded to and the check was made by S. B. and received by the trustees as part payment of the purchase money, and was deposited with A. B. & Son in pursuance of the agreement, before the deed was made. The city was not a party to this transaction and no active steps were taken by it for the enforcement of its claim until after the expiration of four years from the time of making the assessment, when it asserted its claim in said equity proceedings to be paid out of said check, the amount of the assessment made upon the property sold. The Act of 1871, ch. 94, declares that all taxes which "may be levied in the city of Baltimore, shall be collected within four years from the levying of the same; and the collection of taxes shall not be enforced by law after the lapse of said four years, and the party from whom said taxes may be demanded may plead this section in bar of any recovery of the same." On a plea of said Statute of Limitations filed by the trustee, it was HELD :

1st. That the claim was not barred by said Statute.

2nd. That as to whether the Statute has any application to the collection of a tax or assessment like the one in question, or whether its provisions were only intended to apply to the ordinary taxes levied for revenue, as distinguished from the special assessments imposed

in making improvements upon adjacent property, because of the special benefits imparted to such property— *Quaere ?*

3rd. That the taxes or assessments due at the time of the sale became by the terms of sale a charge upon the proceeds of sale; and if the city collector had attempted by the summary proceeding of distress and sale to enforce the payment against the property, the Court would have restrained such proceedings for the protection of the purchaser.

4th. That due notice having been given to the trustees of the charge on the property, and due demand having been made for payment of the assessment within the time prescribed by law, it became the duty of the trustees, as well by the terms of the sale, as by the express terms of the statute, (1874, ch. 483, sec. 63,) to pay all assessments and taxes binding on the property.

5th. That with this knowledge and duty the trustees received and held the amount of money in question applicable to the payment of the assessment due, *in trust* for the city. And having received the money and set it apart for the express purpose, the trustees could not be allowed to avoid their duty and take advantage of their own delay by setting up the defence taken in this case.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*Charles Marshall*, for the appellant.

*James L. McLane, City Counsellor*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

By the will of the late Alexander Gould, deceased, the testator directed certain portions of his real estate to be sold by trustees named in the will, and the proceeds thereof to be distributed as therein directed. Upon a bill filed in the Circuit Court of Baltimore City, by some of

the parties interested in the administration of the trust, that Court assumed superintending jurisdiction over the subject-matter, the trustees, and all the parties to the proceedings. The trustees, acting under the power in the will, but subject to the control of the Court, sold, on the 13th of March, 1876, to Seligman Bernei a portion of the real property belonging to the estate, and reported the sale to the Court on the 16th of March, 1876, for ratification. The sale was finally ratified on the 4th of May, 1876, and a deed was made to the purchaser on the 28th of September, 1877.

By the terms of sale, the trustees were bound to convey the property sold to Bernei, free and clear of all taxes and assessments to the first day of January, 1876. On the 28th of September, 1875, there had been an assessment made by the city authorities upon the property along Hanover street, for the grading, paving and curbing of that street, under Ordinance No. 88, of October 13th, 1874; and the amount of the tax or assessment properly chargeable to that part of the property sold to Bernei was $3,536.

It appears that there were two several assessments upon two different parcels of property belonging to the estate, situate on Hanover street; and it is admitted that bills for the two assessments so made were delivered to Alexander Gould, one of the trustees, on the 30th of November, 1875, with demand of payment; and the assessments not being paid, a second bill for each amount, calling for payment within thirty days of the date of the delivery of such bills, were delivered to said trustee on the 5th of April, 1876. But there being a question raised as to the legality of the assessments, the trustees determined to withhold payment until the question was settled by the Courts. That question, however, was finally decided by this Court, in the case of *Scharf vs. The City of Baltimore,* 56 *Md.,* 50, in favor of the City.

In the meantime, Bernei being desirous to receive the deed for the property purchased by him, and to pay the purchase money in advance of the time fixed by the terms of sale, proposed to pay up the purchase money in full, and that his check for $3,536, part of such purchase money, being the amount of the assessment chargeable to that portion of the property purchased by him, should be received by the trustees, payable to their order, and by them indorsed, to be left in the banking-house of Alexander Brown & Son, to await the issue of the claim of the city against the property sold, for and in respect to the assessment thereon. This proposition was acceded to, and the check was accordingly made by Bernei and received by the trustees, as part payment of the purchase money, and was deposited with Brown & Son, in pursuance of the agreement; and thereupon the deed was made. This was on the 28th of September, 1877. A receipt for this deposit was given by Alexander Brown & Son, expressing the objects and purposes of the deposit; and in the receipt it is expressly stated, that the amount of the check was to be held "until a suit or suits, or other litigation, to be instituted between the city and the trustees, to enforce payment of the city's claim for paving Hanover street, be finally disposed of, and the amount of the claim thereby ascertained, and when thus ascertained, so much of the above amount, as may be necessary to pay the city's claim, to be applied to that purpose, on the joint order of the trustees and Bernei, the balance of the deposit to be paid to the trustees," &c. The city was not a party to this transaction; and it does not appear that any active steps were taken by it for the enforcement of the claim, after the notice and demand before mentioned, until after the expiration of four years from the time of making the assessment. After the expiration of that time, one of the trustees made application to the Court to have the fund distributed to the *cestuis que trust* under the will;

and upon an account stated and notice thereof given, the city appeared and excepted to the account and proposed distribution, and asserted its claim for the assessment made upon the property sold. To this the trustee pleaded and relied on the limitation contained in the Act of 1861, ch. 94, as a complete bar to the enforcement of the claim. That Act declares, that all taxes which "may be levied in the City of Baltimore, shall be collected within four years from the levying of the same; and the collection of taxes shall not be enforced by law after the lapse of said four years, and the party from whom said taxes may be demanded may plead this section in bar of any recovery of the same." And the next section of the Act imposes a penalty of $20 upon any person who may attempt to enforce the collection of any tax after the expiration of four years from the time of the levy thereof.

There is no question made as to the correctness of the amount of the claim asserted by the city, nor is there now any question made as to the legality of the original assessment; but the single question is, whether the limitation of the statute just cited forms a bar to the claim, under the peculiar circumstances which we have stated? The Court below held that the claim was not barred; and in that opinion this Court fully concurs.

Indeed, it may be very seriously doubted whether the statute above quoted has any application whatever to the collection of a tax or assessment such as that involved in this case. It might well be argued that its provisions were only intended to apply to the ordinary taxes levied for revenue, as distinguished from the special assessments imposed, in making improvements, upon adjacent property, because of the special benefits imparted to such property. In the case of the *City of Baltimore vs. Greenmount Cemetery Co.*, 7 *Md.*, 517, the exemption of the ground of the Cemetery Company, by its charter, was, that it should *"not be liable to any tax or public imposition whatever;"*

and yet this Court held, that a paving tax, for paving a street in front of the property of the Company, was not embraced in the exemption.

But without deciding that question, we find in the facts of this case a full answer to the contention on the part of the appellant.

At the time of the assessment of the tax in question, the property upon which the assessment was made was under the jurisdiction and control of a Court of equity; and the sale subsequently made, was made and ratified to the purchaser upon the terms, that the property sold should be conveyed to him free and clear of all taxes and assessments to the first of January, 1876. The taxes or assessments due at the time of sale, became a charge upon the proceeds of sale; and if the city collector had attempted, by the summary proceeding of distress and sale, to enforce the assessment against the property, the Court would have restrained such proceeding, for the protection of the purchaser. *County Comm'rs vs. Clarke & Berry*, 36 *Md.*, 206. The proof clearly shows that due notice was given to the trustees of the charge on the property, and that due demand was made for payment of the assessment, within the time prescribed by law. And such being the case, it became the duty of the trustees, as well by the terms of the sale as by the express terms of the statute (Act 1874, ch. 483, sec. 63,) to pay all assessments and taxes binding on the property. With this knowledge and duty on their part, the trustees received and held the amount of money in question, applicable to the payment of the assessment due, *in trust* for the city. And having so received the money and set it apart for the express purpose, the trustees cannot now be allowed to avoid their duty, and take advantage of their own delay, by setting up the defence taken in this case. Even if it be conceded that the statute relied on applies to the collection of an assessment such as that in controversy, we are clearly of

opinion that it never was intended to apply to a case circumstanced like the present.

We must therefore affirm the order from which the appeal was taken.

*Order affirmed, and*
*cause remanded.*

(Decided 2nd March, 1882.)