HENRY J. HEBB, Treasurer and Collector *vs.* BEN-
JAMIN P. MOORE, Trustee.

*Taxes—Act of 1874, ch. 483, sec. 82— Custodia legis—Subro-
gation.*

Section 82, of the Act of 1874, ch. 483, which provides that, "all
taxes levied for county or city purposes shall be collected by the
collectors of the counties or cities respectively, within four years
after the same have been levied, and, if the same shall not be col-
lected within four years, the parties from whom such taxes may be
demanded, may plead this section in bar of any recovery of the
same," was intended to apply only to such cases and such persons
when the collector could, on notice, proceed summarily to sell the
debtor's property for the taxes; and whenever he could do so, and
did not resort to his distress and sale, the statute was permitted to
be pleaded as a bar after the expiration of four years from the levy
of such taxes. It was not intended, and could not have been in-
tended, to be a bar when the law would not allow the collector to
resort to his legal remedies for summary enforcement of payment.

When a Court of equity has taken jurisdiction of property liable for
taxes, it is not admissible for a collector to step in, and by his sum-
mary process, sell the property for taxes, and transfer the jurisdic-
tion over the title to another tribunal. In all such cases the collec-
tor's summary proceedings are suspended because the Court of
equity has charge of the property. It is in *custodia legis;* and pay-
ment of the taxes must be sought from the funds under the Court's
control.

If the purchaser of real estate is bound, under his agreement of pur-
chase, to pay the taxes thereon, and the same are paid by the trus-
tee, who made the sale, he will be subrogated to the rights of the
collector as against the purchaser.

APPEAL from the Circuit Court of Baltimore County, in
Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, and BRYAN, J.

*D. G. McIntosh,* for the appellant.

*B. P. Moore,* and *Arthur W. Machen,* for the appellee.

IRVING, J., delivered the opinion of the Court.

In the matter of the trust estate of Thomas R. Matthews pending in the Circuit Court for Baltimore County, in equity, Henry J. Hebb, Treasurer of Baltimore County and Collector of State and County Taxes for Baltimore County, filed his petition alleging that all the State and county taxes since the year 1877, remained due and unpaid, and praying an order of the Court directing the auditor, in stating his account in the cause, to allow the same with interest which had accrued. The Court, on the 21st of December, 1885, passed an order directing the allowance by the auditor of the taxes mentioned in the petition.

On the 4th of January, 1886, the appellee, trustee in the cause, filed his petition asking a modification of the order so as to exclude therefrom all taxes which had accrued more than four years before the filing of Hebb's petition, to which he pleaded the Statute of Limitations embodied in section 82 of the Act of 1874, chapter 483, which repealed and re-enacted Article 81 of the Code of General Public Laws of the State. Upon hearing, the Court adjudged that the Statute relied on was a complete bar to allowance of the taxes for the years 1878, 1879, 1880 and 1881, and signed an order disallowing the taxes for those years. An auditor's report was accordingly made in conformity with that order which was ratified, and this appeal is from the order of the Court disallowing the taxes mentioned, and from the order ratifying the audits made in accordance with the order of May the 15th, 1886.

The sole question for decision is whether section 82 of the Act of 1874, chapter 483, operates as a bar to the allow-

ance of taxes in the distribution of the proceeds of a trust estate like the present. We think it does not. The provision is as follows: " All taxes levied for county, or city purposes shall be collected by the collectors of the counties or cities respectively, within four years after the same have been levied, and if the same shall not be collected within four years the parties from whom such taxes may be demanded, may plead this section in bar of any recovery of the same."

This section of the Code manifestly was intended to apply only to such cases and such persons when the collector could, on notice, proceed summarily to sell the debtor's property for the taxes; and whenever he could do so, and did not resort to his distress and sale, the statute was permitted to be pleaded as a bar, after the expiration of four years from the levy of such taxes. It was not intended and could not have been intended, to be a bar where the law would not allow the collector to resort to his legal remedies for summary enforcement of payment.

In *County Commissioners of Prince George's County vs. Clarke & Berry*, 36 *Md.*, 218, it was expressly decided, that when a Court of equity had taken jurisdiction of the property liable for taxes it was not admissible for a collector to step in and by his summary process "sell the property for taxes and transfer the jurisdiction over the title to another tribunal." In all such cases the collector's summary proceedings are, of necessity, suspended because the Court of equity has charge of the property. It is in *custodia legis;* and he must seek payment of his taxes from the funds under the Court's control. This the appellant did and was denied payment for the reason already stated. But it is said his petition was not filed within the four years after the levy of the taxes for the several years mentioned. To that the answer is that there is no statutory requirement for the filing of such petition within a particular time. It is not one of the methods legally

devised for his enforcement of payment. It is only a method suggested by this Court of bringing his claim to the attention of, and to inform, the Court that the trustee had not discharged his statutory duty in such case of paying the taxes. The sixty-third section of Article 81 of the Code as re-enacted by the Act of 1874, is very sweeping in its terms as to the payment of *all* unpaid taxes chargeable on the estate in the Court's control. It directs that "*all sums* due and in arrear for taxes from the party whose property is sold shall be first paid and satisfied." There is no exception. The only thing to be known is that they are in arrear and unpaid. The present section is identical with section 71 of Article 81 before its amendment by the Act of 1874, and its effect was under consideration and pronounced upon in *Tuck vs. Calvert, and others,* 33 *Md.,* 224. The Court emphatically says, it "is bound by the distinct language of the section, and cannot by construction avoid its provisions." The Court said, that in that case it operated onerously "upon the equities of innocent creditors," but said the taxes must be paid. If the collector cannot resort to the remedies ordinarily accorded him to enforce payment, he cannot be saddled with them because of neglect, and certainly it cannot have been intended that the public shall lose the benefit of such taxes towards defraying the expenses of the State and counties, because of the collector's inability to coerce payment within ordinary statutory period. If the trustee has funds, it is his duty to pay such unpaid taxes; but until he has funds applicable he cannot be expected to pay them. The collector cannot enforce his summary remedies against him, and clearly *he* is not such person as the law contemplates may plead the statute in bar. The statute was clearly intended to promote the prompt collection of taxes, but was certainly not intended to apply to that condition of things when the person really owing the taxes could not be pursued in the usual way.

In the case of *Fulton vs. Nicholson,* 7 *Md.,* 107, the taxes were allowed out of the funds before the payment of the mortgage debt, although this was personal estate in the hands of an administrator, from which they. could be paid, because the law said the trustee should pay them; but the Court said that the mortgagee, who suffered to the extent of the taxes allowed, was *substituted* to the rights of the State and county, and could recover them from the personal estate.

So here, if as is contended, Sandford was bound as purchaser, under his agreement to pay the taxes, the trustee will be subrogated to the collector's rights as against him, and to that extent the amount due by Sandford will be swelled in the auditor's computation.

Both orders appealed from must be reversed, and the cause will be remanded that the auditor's report may be made to conform to this opinion.

*Reversed and remanded.*