C. CHAPMAN ROUSE, Treasurer of Harford County, *v.* ROBERT H. ARCHER, Assignee.

*Sale Under Mortgage — Filing of Bond — Sale For Taxes — Injunction By Mortgage Assignee.*

The filing of a bond under Code, art. 66, sec. 7, preparatory to the execution of a power of sale in a mortgage, suspends the statutory remedy for the collection of taxes on the property by sale, unless there is undue delay in the making of the mortgage sale, in which case the court can authorize the official charged with the collection of taxes to proceed with the enforcement of the tax lien.                                    pp. 472-474

One to whom a mortgage has been assigned, for the purpose of executing a power of sale therein, and who has filed a bond for that purpose, has such an interest in the objects of the trust

which he has accepted, in the commissions which he is earning, and in the expenses incurred by him, that he may properly sue to enjoin an improper sale of the property for taxes.      p. 474

*Decided January 13th, 1926.*

Appeal from the Circuit Court for Harford County, In Equity (HARLAN, J.).

Bill by Robert H. Archer, assignee, against C. Chapman Rouse, Treasurer of Harford County. From an order granting a preliminary injunction, the defendant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*John S. Young,* for the appellant.

*Robert H. Archer,* for the appellee.

URNER, J., delivered the opinion of the Court.

In order to execute a power of sale in a mortgage which had been assigned to him for that purpose, the assignee filed a bond as required by law, but before he had made a sale and reported it to the court below, the appellant, as Treasurer of Harford County, advertised the mortgaged property for sale, with a view to the collection of state and county taxes then payable by the mortgagor. A preliminary injunction against the tax sale was issued upon a bill filed by the appellee, alleging the facts just stated, and offering to pay the taxes out of the proceeds of the mortgage sale which he was endeavoring to effect. The Treasurer, after filing his answer to the bill, appealed from the order for the injunction, and the question we are to decide is, whether the assignee of the mortgage has a right to have the tax sale restrained under the circumstances described. It is contended by the appellant that no sale under the mortgage having been reported to the court below, its jurisdiction had not

attached to the mortgaged property or the proceeding for its sale, and hence there was no legal reason why the appellant's statutory right to sell the land for taxes in arrear should not be exercised, and it is further argued that as the assignment to the appellee was merely for the purpose of foreclosure, he has not such an interest as would entitle him to maintain the pending suit for an injunction.

In the opinion delivered in *Blackiston v. State,* 117 Md. 244, it was said: "When land or other property is under the control of a court of equity, it has long been settled that the ordinary statutory remedies for the enforcement of taxes levied upon, or payable in respect of, such property, are suspended, and payment must be secured through the power and authority of the equity court. In such cases, while there is no statute declaring what is the duty of the collector, our decisions do plainly declare that there is a duty imposed upon him in the premises, and in *County Commissioners v. Clarke,* 36 Md. 219, that duty is stated as follows: 'His plain and obvious duty was to apply to the court for the payment of the taxes due, and as they had full power, the presumption is, that they would have directed their payment through their agents, the trustees, in a manner that would have occasioned no unnecessary delay, while at the same time the rights of all interested would have been properly protected.' "

It is provided by article 66, section 7, of the Code, that before any person authorized to execute a power of sale conferred by a mortgage shall proceed to make the sale, he shall give bond to the State, in such penalty and with such security as shall be approved by the judge or clerk of the court of equity of the city or county where the mortgaged property is located, to abide by and fullfill any order or decree which may be passed by the court in relation to the sale or the funds realized therefrom, and that such bond shall be an indemnity for the benefit of all persons interested in the mortgaged property or its proceeds. By section 9 of the same article of the Code, it is required that all such mortgage sales shall be reported under oath to the court

having chancery jurisdiction where they are made, and that there shall be the same proceedings on such reports as if they were made by trustees under decrees of the court.

While it has been said that the jurisdiction of the court "becomes complete" when the report of the mortgage sale is filed, and that until then the proceeding is *ex parte* (*Hebb v. Mason,* 143 Md. 355; *Beetem v. Garrison,* 129 Md. 672; *Warehime v. Carroll Co. Building Assoc.,* 44 Md. 517), yet it has also been observed by this Court that when the bond has been filed "the proceedings are brought under the cognizance and guidance of the court, and to be conducted and determined in all respects as ordinary sales by a trustee appointed by decree * * *." *Warfield v. Dorsey,* 39 Md. 299. There are substantial reasons why the rule, which forbids a sale of property for taxes after the passage of a decree in equity for its sale, should apply to prevent the conflict of authority which would arise if a tax sale were attempted after a proceeding for the execution of a power of sale under a mortgage had been instituted. If the right to proceed with the tax sale should be recognized as existing, after the filing of a mortgage sale bond, and until a sale under the mortgage is reported, there would be opportunity for separate and antagonistic sales of the property to be simultaneously conducted. This would seriously prejudice and complicate its proper disposition. If the mortgage sale proceeding, begun by the filing of the bond before the advertisement of the tax sale, is continued to a conclusion under normal conditions, the tax claim must be paid, by statutory direction, out of the proceeds for distribution. Code, art. 81, sec. 74; *Parlett v. Dugan,* 85 Md. 410. In view of the provision thus made for the payment of taxes in such cases, and of the fact that a court proceeding for a sale under the mortgage assigned to the appellee had been instituted by the filing of the bond prescribed by statute, we think the right to sell the mortgaged property for taxes should yield to the power of sale which the mortgage confers. The recognition of such a priority pre-supposes the prompt execution of the

power, and if, in any case, there should be undue delay in effecting and reporting a mortgage sale, it would be competent for the court to authorize the officer, charged with the collection of taxes on the mortgaged property, to proceed with the enforcement of the tax lien notwithstanding the fact that a bond had been filed preliminary to a sale under the mortgage.

By virtue of his acceptance of an assignment of the mortgage for the purpose of exercising the power of sale, the appellee holds the mortgage as trustee for the assignor. *Doxen v. Wagner*, 142 Md. 446. The performance of the trust required him to execute and file a duly approved bond, to advertise the mortgaged property for sale by the usual methods of publication, to make and report an advantageous sale, and to collect and properly apply the purchase money. These were active duties which the appellee had partially performed when the continued execution of his trust was impeded by the appellant's effort to sell the property for taxes. The interest of the appellee in the objects of the trust which he had accepted, and in the commissions he was earning and the expenses he had incurred, sufficiently supports his right to maintain this suit. Upon the allegations of the bill of complaint the preliminary injunction was properly granted.

*Order affirmed, with costs, and cause remanded.*