DAMPMAN ET UX. *v.* LITZAU ET AL.

[No. 302, September Term, 1970.]

\* \* \*

DAMPMAN ET UX. *v.* SONNTAG ET AL.

[No. 303, September Term, 1970.]

*Decided March 4, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*L. Franklin Gerber, Jr.*, with whom were *Harry M. Ashman* and *Louis A. Scholz* on the brief, for appellants.

No brief filed on behalf of appellees.

FINAN, J., delivered the opinion of the Court.

In these appeals we are presented with a situation wherein, after the appointment of a trustee by a court of equity to sell certain property in lieu of partition (hereinafter referred to as the partition suit), Maryland Code (1966 Repl. Vol.), Art. 16, § 154, the purchasers of the same property at a previous tax sale continued their efforts to foreclose the right of redemption in the property,

asserting a paramount claim of right over the parties to the partition suit. Code (1969 Repl. Vol.), Art. 81, § 97, *et seq.* Macgill, C. J., in the court below, among other findings, held that upon the filing of the decree of sale and appointment of a trustee in the partition suit, the property became in custodia legis and that the purchaser at the tax sale could not disturb the possession and control of the property in the court while it retained that status. The posture of the case as we receive it represents two appeals in two equity cases which have been consolidated (Equity No. 6690-Appeal No. 302 and Equity No. 7295-Appeal No. 303).

In May, 1966, the administrators of the Estate of August Sonntag and the heirs of Mary Kraft Sonntag, the wife of August who predeceased him (appellees in this appeal) filed a bill of complaint in Equity No. 6690 in the Circuit Court for Howard County requesting the sale, in lieu of partition of a 3.1 acre parcel of land on Route 99 in that County, which was a part of the August and Mary Kraft Sonntag estates. On October 27, 1969, by a decree of the Circuit Court for Howard County, James N. Vaughn, Esq., was appointed trustee to sell the property at public or private sale (if at private sale for no less than $13,000). This case is the partition suit (Equity No. 6690, Appeal No. 302).

In the interim, however, taxes having been due on the property for the years 1962 through and including 1965, the Tax Collector for the State of Maryland and Howard County gave notice as required by Maryland Code (1957 Ed.) Art. 81, of the proposed sale for taxes. After fulfilling the requirements of the statute, the Tax Collector sold the property on November 1, 1967, at public auction to John and Emma Dampman, the appellants in both appeals, who were the highest bidders. Subsequently, on November 29, 1968, the Dampmans filed a bill to foreclose any right of redemption pursuant to the provisions of Code (1957 Ed.) Art. 81, § 102. This is the tax foreclosure case (Equity No. 7295-Appeal No. 303).

On April 1, 1969, the court in the tax foreclosure case

ordered all right of redemption foreclosed and directed
the tax collector to convey title to the Dampmans. The
conveyance was executed the same day. A petition to set
aside the decree in the tax foreclosure case was filed on
April 14, 1969, by one of the Sonntag heirs (one of the
appellees in this appeal). The reasons assigned in the pe-
tition for vacating the decree were that the administra-
tors of the estate of Mary Kraft Sonntag were not named
as parties in the tax foreclosure proceedings or served
with any notice of the proceedings and that the property
at the time of the tax foreclosure case was under the ju-
risdiction of the court in Equity No. 6690 (the partition
suit). It was further alleged that since the property was
under the control of the court it was not subject to the
order of April 1, 1969, foreclosing the right of redemp-
tion. The additional contention was also raised that the
Dampmans had notice of the existence of the pending par-
tition suit prior to the tax sale, and prior to the suit fore-
closing the right of redemption, by virtue of the fact that
the partition suit appeared on the Equity Docket in the
office of the Clerk of the Court for Howard County. It is
relevant to this contention to note that Code, Art. 81, §
103, provides that:

> "The plaintiff in any proceeding to foreclose
> the right of redemption shall be the holder of
> the certificate of sale. The defendants in any
> such proceeding shall be the following: (a) The
> owner of the property as disclosed by a search
> of the land records of the county, of the records
> of the register of wills of the county, and of the
> records of any court of law or equity of the
> county."

After holding a hearing on the petition to set aside the
decree foreclosing the right of redemption in the tax fore-
closure case the court issued an order dated August 22,
1969, rescinding the decree of April 1, 1969. At that time
the sum required to redeem the property amounted to
$1,169.90 plus interest, taxes, attorneys' fees, penalties
and costs.

On October 27, 1969, the Dampmans, in the tax fore-closure case, filed a petition requesting that they be al-lowed to amend their bill of complaint to foreclose the right of redemption and an order allowing this was en-tered on that date.[1] The amended bill filed November 3, 1969, sought to include all of the heirs of Mary Kraft Sonntag and the administrators of the August Sonntag estate. The Sonntag heirs filed a demurrer to this amended bill which was sustained without leave to amend and Judge Macgill dismissed the bill of complaint. In the memorandum and order filed July 14, 1970, the court gave as its reasons for sustaining the demurrer that the prop-erty was in "custodia legis," stating:

"\* \* \* For some reason they did not name as a party defendant the trustee who had been ap-pointed to sell the property in question by a de-cree of this Court on another proceeding on Oc-tober 27th, 1969 [the partition suit]. Certain of the defendants have demurred on the ground that the property, by virtue of the decree re-ferred to, is in *custodia legis* and therefore can-not be proceeded against in the instant action. This Court is of the opinion that the demurrer must be sustained for the reason assigned and on the authority of the cases cited. *Prince George's County v. Clarke,* 36 Md. 206, and *Hebb v. Moore,* 66 Md. 167. See also, *Blackstone v. State,* 117 Md. 237 and *Rouse v. Archer,* 149 Md. 470.

"It is said in *Miller's Equity Procedure,* Page 459, Section 488, that 'The decree for sale vir-tually takes possession of the property and vests it in the court; and the court may thencefor-ward exercise over it such control and authority as may be necessary for its beneficial preserva-tion. The property is in *custodia legis*. The pos-

---

1. On the same day in the partition suit the court decreed that the property be sold in lieu of partition and appointed a trustee to make the sale.

session and control of the court will not be allowed to be disturbed without the consent of the court even though it be attempted under a paramount claim of right."

On the same day that Judge Macgill filed the order sustaining the appellees' demurrer in the tax foreclosure case without leave on the part of the Dampmans to amend, and dismissed the Dampmans' bill of complaint, he also filed a memorandum and order in the partition suit in which he granted the appellees' motion *ne recipiatur* to a motion which had been previously filed by the Dampmans seeking to "quash the decree" in the partition suit.[2] The lower court also denied a petition which the Dampmans had filed to intervene in the partition suit. However, in denying their petition, the court stated that it did so "without prejudice * * * to the petitioners [Dampmans] to seek appropriate relief by asserting a claim to the proceeds of the sale decreed. See *Chenowith v. Smith,* 29 Md. 18."

The appellants advance the argument that the authorities relied on by the chancellor in support of the in custodia legis theory, namely, *Rouse v. Archer,* 149 Md. 470, 131 A. 753 (1926) ; *Blakistone v. State,* 117 Md. 237, 83 A. 151 (1912) ; *Hebb v. Moore,* 66 Md. 167, 7 A. 255 (1886), were all cases decided prior to the passage of Chapter 761 of the Acts of 1943, whereby the statutory provisions governing tax sales were generally revised. They contend that it was the legislative intent to give the holder of a tax sale certificate an indefeasible right to proceed with foreclosure, so long as he complies with the statute. However, we find nothing in Chapter 761 of the Acts of 1943 or its amendments, now codified as Code (1969 Repl. Vol.) Art. 81, §§ 70 through 123, which would warrant the interpretation that the Legislature in its concern to secure the marketability of tax titles (Art. 81, §

---

2. Basis for the granting of the appellees' motion ne recipiatur in the partition suit case was that the Dampmans were not parties to that proceeding and had not been granted leave to intervene pursuant to Maryland Rule 208 e 2.

97) intended to disrupt the orderly exercise of equity jurisdiction of the circuit courts.

The foreclosure of the right of redemption in a property by a holder of a tax sale certificate is itself a statutory equity proceeding. Article 81, § 100. In *Reth v. Levinson*, 135 Md. 395, 397, 109 A. 76 (1919), our predecessors stated: "It has been held in many cases in this State that the courts act under a special and limited jurisdiction in passing on reports of sales for taxes, and it was not intended by the Legislature that those courts should be called upon to exercise their general equity jurisdiction in such cases."

We must not lose sight of the historical fact that the writ of partition was recognized at common law. "As early as the reign of Elizabeth, partition became a matter of equitable cognizance, and now the jurisdiction is established as of right in England and the United States." 4 *Pomeroy's Equitable Jurisprudence,* § 1387. Pomeroy further states: "By the original equitable jurisdiction, independent of any statute, if all the parties *sui juris* were willing, the court had power to decree a sale * * *." *Pomeroy,* § 1390. We find nothing in the Maryland Statute (Art. 81) or in the authorities which persuades us that the subsequent filing of the amended bill to foreclose the equity of redemption in the property in the tax foreclosure proceedings should oust the jurisdiction with which the court in the partition sale had already become vested. Indeed, in *Thomas v. Kolker*, 195 Md. 470, 475, 73 A. 2d 886 (1950), we stated: "[T]he legislature has declared that the public interest in marketable title to property purchased at tax sales outweighs considerations of individuals hardships in every case, except upon a showing of lack of jurisdiction or fraud in the conduct of the foreclosure." See also *Kaylor v. Wilson*, 260 Md. 707, 273 A. 2d 185 (1971).

In the case at bar the subject property having become in custodia legis by virtue of the appointment of the trustee to make the sale of the property in the partition suit, the court's control over the property should not be

disturbed without its consent. The purpose behind this doctrine was articulated many years ago by this Court in *Horsey Co. v. Martin,* 142 Md. 52, 120 A. 235 (1923), when it stated:

> "The reason of the rule, as stated by the courts, is that when a court acquires jurisdiction of goods, chattels, or money, in one case, the orderly process of the court requires that it shall be permitted to determine the rights of the parties in that case without the interference or interruption of a conflicting jurisdiction or of a separate and distinct action or proceeding.
>
> "The doctrine of non-interference, to prevent conflicts of authority of jurisdiction, which is established in cases of civil practice, * * *."
> 142 Md. at 55.

We are in agreement with the lower court's action in sustaining the appellees' demurrer to the appellants' amended bill of complaint in the tax foreclosure case (Appeal No. 303), and we accept the authorities which it cites in support of its ruling. However, we think the court was in error in sustaining the demurrer, without leave to amend. The reason for this view is somewhat pragmatic. The tax collector's certificate of sale is dated November 1, 1967, and pursuant to Code, Art. 81, § 100, the two year period in which the suit to foreclose the right of redemption had to be brought expired October 31, 1969. With the sustaining of the demurrer without leave to amend, the Dampmans were left without further remedy other than by way of filing a claim for reimbursement for taxes paid, interest, costs and attorney's fees in the partition suit. (Appeal No. 302). We think it proper and fair that the Dampmans be allowed to amend their bill of complaint in the tax foreclosure case to include as a party defendant the trustee appointed to make the sale in the partition suit. In this manner the tax foreclosure case which was brought on November 28, 1968, within the two year period provided by the statute, would still be viable.

We believe this to be of importance if for no other reason than the fact that it is conceivable that the partition suit could be withdrawn or abandoned, and in such an event the Dampmans, the purchasers at the tax sale, would have lost their right to foreclose the right of redemption in the property.

While it is true that on the basis of the law of this case the consummation of the partition sale and the subsequent distribution of proceeds would render the tax foreclosure case moot, nonetheless, until that has been accomplished we are of the opinion that the tax foreclosure case should not abate. This would surely be the effect were the order sustaining the demurrer, without leave to amend, allowed to stand without modification.

Upon remand, in addition to modifying the order of July 14, 1970, in the tax foreclosure case (in which the court sustained the appellees' demurrer without leave to appellants to amend and dismissed their bill of complaint), we think the chancellor should, after granting the Dampmans leave to amend their bill of complaint, issue an order suspending further proceedings in the tax foreclosure case until the conclusion of the partition suit, or further order of the court. We find nothing in such action that is inconsistent with the in custodia legis theory adopted in *Rouse v. Archer, supra; Prince George's County v. Clarke, supra; Miller Equity Procedure,* p. 459, and the other authorities cited and relied upon by the chancellor.

Regarding the decision of the lower court in the partition suit, we affirm the order of the chancellor.

> *Order in appeal No. 302 affirmed; order in appeal No. 303 affirmed in part and reversed in part and case remanded for the passage of an order in conformity with this opinion; appellees to pay costs.*