518 A.2d 474

**Bruce H. VOGE**

v.

**Kenneth W. OLIN.**

**No. 929, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Dec. 10, 1986.

Arnold R. Silbiger of Baltimore, for appellant.

Mark S. Devan of Baltimore, for appellee.

Argued before GILBERT, C.J., and BLOOM and KARWACKI, JJ.

BLOOM, Judge.

In this expedited appeal, Bruce H. Voge, Jr., the appellant, raises a single issue: Does the doctrine of *custodia legis* preclude a circuit court from acting on a petition to foreclose a mortgage on certain real property when a petition to foreclose the equity of redemption had been filed previously in the same court by one who had purchased the property at a tax sale? For the reasons set forth below, we answer that question in the negative.

## Facts

Pursuant to Md.Rule 1029, the parties have submitted an agreed statement of facts.

On January 16, 1973, appellee, Kenneth W. Olin and his wife, Mary, sold to appellant, Bruce H. Voge, Jr., and his wife, Eloise, fee simple property known as 2023 Russell Avenue, Baltimore County, Maryland. On that same date, the Voges gave to the Olins a purchase money mortgage in the amount of $49,000.00. Mary E. Olin subsequently died and appellee became the sole holder of the mortgage. Ap-

pellant and Eloise C. Voge were divorced in 1976. On May 18, 1977, Eloise C. Voge deeded all her interest in the property to appellant, but remained on the mortgage as a mortgagor.

On May 23, 1983, the Baltimore County Office of Finance conducted a tax sale of the property in question because of non-payment of certain real estate taxes. Baltimore County, the successful bidder at the sale, received a Certificate of Tax Sale on June 3, 1983.

On May 22, 1985, Baltimore County filed a complaint in the Circuit Court for Baltimore County to foreclose all rights of redemption in the property. Appellant and appellee were named as defendants in this complaint. Neither appellant nor appellee has yet filed an answer in those proceedings; nevertheless, Baltimore County has not obtained a final decree.

On August 8, 1985, appellee filed a petition in the Circuit Court for Baltimore County to foreclose the mortgage on the property, requesting that the property be sold. On August 9, 1985, the circuit court appointed a trustee and ordered the sale of the property. The property was sold at public auction on September 17, 1985.

On October 22, 1985, appellant filed exceptions to the report of sale in the mortgage foreclosure action, asserting that the filing by Baltimore County of a complaint to foreclose all rights of redemption had placed the property in *custodia legis*, so that the circuit court lacked the authority to order the sale of the property in the mortgage foreclosure action.

After a hearing thereon, the circuit court dismissed appellant's exceptions, ruling that the filing of the complaint to foreclose all rights of redemption from the tax sale did not place the property in *custodia legis*. The court reasoned that until the entry of final judgment foreclosing the rights of redemption from the tax sale, there is nothing to prevent the court from exercising its general equity jurisdiction in a mortgage foreclosure case.

On July 22, 1986, appellee filed a motion to ratify the foreclosure sale. The sale was ratified by the court on July 22, 1986. This appeal followed.

*Law*

The phrase "custodia legis" means in the custody or control of the law. *Buckey v. Snouffer,* 10 Md. 149, 150 (1856). The effect of placing given property in the custody of the court in one proceeding is to preclude action in another subsequent proceeding which would affect the property's disposition. The proper course for complainants seeking to affect the disposition of property in *custodia legis* is to intervene in the initial action. The reason for the rule forbidding the interference of a third party with the possession of the court is that "when a court acquires jurisdiction of goods, chattels, or money, in one case, the orderly process of the court requires that it shall be permitted to determine the rights of the parties in that case without interference or interruption of a conflicting jurisdiction or of a separate and distinct action or proceeding." *Kluckhuhn v. Ivy Hill Association,* 55 Md.App. 41, 45, 461 A.2d 16 (1983), *aff'd,* 298 Md. 695, 472 A.2d 77 (1984) (quoting *Outerbridge Horsey Co. v. Martin,* 142 Md. 52, 55, 120 A. 235 (1923)).

Appellant contends that at the moment Baltimore County, the tax sale purchaser, filed its petition to foreclose the equity of redemption rights in the property the property was placed in the custody of the circuit court. Appellant thus argues that it was error for the circuit court to take any action affecting the property's disposition in the mortgage foreclosure action filed by appellee. Appellant, however, has misconstrued the doctrine of *custodia legis* and has erroneously equated it with the court's mere acquisition of jurisdiction over an action affecting property.

An examination of the statute pertaining to circuit court jurisdiction over tax foreclosure proceedings does not reveal any legislative intention that such proceedings should take precedence over those involving mortgage fore-

closures. An action to foreclose the rights of redemption by the holder of a tax sale certificate is a statutory equity proceeding. *Dampman v. Litzau and Sonntag*, 261 Md. 196, 202, 274 A.2d 347 (1971). Section 14–834 of the Md.Tax Code Ann. provides in part that "[t]he circuit court, on the filing of a complaint to foreclose the right to redemption, has jurisdiction to give complete relief under this subtitle, in accordance with the general jurisdiction and practice of the court ... except as otherwise provided in this subtitle, to bar all rights of redemption...."

Other sections of the statute governing tax foreclosure proceedings operate to place limits on the circuit court's jurisdiction. The version of section 14–833 effective at the time of the proceedings involved herein[1] provided in pertinent part that:

A holder of any certificate of sale ... at any time after 1 year and a day from the date of sale in any county ... may petition the circuit court to foreclose all rights of redemption of the property to which the certificate relates. The right to redeem shall continue until finally barred by decree of the circuit court in which the proceeding is filed. Unless a proceeding to foreclose the right of redemption is filed within 2 years of the date of the certificate of sale, the certificate is void of any right, title and interest....

*See also Simms v. Scheve*, 298 Md. 1, 4, 467 A.2d 499 (1983); *Heill v. Staniewski*, 265 Md. 722, 725, 291 A.2d 449 (1972).

---

**1.** Section 14–833 was subsequently amended and, effective July 1, 1986, provided in relevant part that:

At any time after 6 months from the date of a sale a holder of a certificate of sale may file a complaint to foreclose all rights of redemption of the property to which the certificate relates. The right to redeem shall continue until finally barred by decree of the circuit court in which the foreclosure proceeding is filed. Unless a proceeding to foreclose the right of redemption is filed within 2 years of the date of the certificate of sale, the certificate is void and any right, title, and interest of the holder of the certificate of sale, in the property sold shall cease....

■ The only authority related to the right of redemption that the statute confers upon the court is that which arises when the right to redeem is exercised after an action to foreclose is instituted. *Cahn v. Prince George's Homes, Inc.*, 38 Md.App. 280, 283, 378 A.2d 157 (1977), *aff'd*, 283 Md. 76, 389 A.2d 853 (1978). In such case, the court's jurisdiction is expressly limited to "fix[ing] the amount necessary for redemption." Md.Tax Code Ann., § 14–829 (1986). *See also Cahn, supra*, 38 Md.App. at 283, 378 A.2d 157. The statute does not appear to grant the court the authority to deny a person having an interest in the property the right to redeem after the institution of tax foreclosure proceedings unless and until the court has issued a final decree of foreclosure. *Id.*

■ Appellee, as a party having an interest in the subject property, was entitled to intervene in the proceedings brought by the county to foreclose all rights of redemption. Md.Tax Code Ann., § 14–827. That is the only statutorily recognized procedure for redeeming the property after the institution of the foreclosure proceeding. Appellee, however, did not seek to redeem the property; instead, he sought foreclosure of the mortgage he held.

■ The tax sale foreclosure statute confers only a special, limited jurisdiction on the circuit court; it does not contemplate or grant the circuit court the authority to exercise general equity jurisdiction in tax foreclosure proceedings. *Dampman, supra*, 261 Md. at 202, 274 A.2d 347 (1971); *Reth v. Levinson*, 135 Md. 395, 397, 109 A. 76 (1919); *Cahn, supra*, 33 Md.App. at 283, 378 A.2d 157. On the other hand, the circuit court has general equity jurisdiction over mortgage foreclosure proceedings and it may invoke all the equitable powers with which it is imbued under the common law. *Ex parte Aurora Federal Savings & Loan Association*, 223 Md. 135, 138–39, 162 A.2d 739 (1960); *Plaza Corp. v. Alban Tractor Co., Inc.*, 219 Md. 570, 577–78, 151 A.2d 170 (1959); *Warehime v. Carroll County Bldg. Association*, 44 Md. 512, 516–17 (1879);

*Saunders v. Stradley,* 25 Md.App. 85, 91, 333 A.2d 604 (1974). *See also* E. Miller, *Equity Procedure* 535 (1897).

█ The tax sale foreclosure statute does not expressly or impliedly preclude the circuit court from exercising its general equity jurisdiction in mortgage foreclosure proceedings. If this were the case, the tax sale purchaser, by the mere institution of an action to foreclose the right of redemption, could disrupt the orderly exercise of the court's general equitable powers in all other proceedings involving the same property, such as an action for partition.

While the tax sale foreclosure statute is to be liberally construed so as to encourage the foreclosure of rights of redemption, Md.Ann.Tax Code, § 14–832 (1986), we do not believe it should be so broadly and imaginatively construed as to prevent the circuit court from exercising its general equity jurisdiction in other types of proceedings.

The decisions interpreting the tax sale statute and the doctrine of *custodia legis* provide no support for appellant's contention.

Appellant urges, on the authority of *Dampman v. Litzau and Sonntag, supra,* that the filing of a complaint requesting a foreclosure of the rights of redemption places the property which is the subject of the action in *custodia legis.* In *Dampman,* appellees filed a petition in the circuit court requesting the sale, in lieu of partition, of certain real property. Appellants, purchasers of the property at a tax sale, subsequently instituted an action to foreclose all rights of redemption in the property. In April, 1969, the court in the tax foreclosure matter ordered all rights of redemption foreclosed. 261 Md. at 198–99, 274 A.2d 347. This order was, however, rescinded in August, 1969. *Id.* at 199, 274 A.2d 347. In October, 1969, the court, in the partition action, appointed a trustee to sell the property. *Id.* at 198, 274 A.2d 347. Subsequent to the appointment of the trustee, appellants filed an amended bill to foreclose the equity of redemption rights in the property. *Id.* at 200, 274 A.2d 347.

The Court of Appeals rejected Dampman's contention that the subsequent filing of the amended bill to foreclose the equity of redemption in the property ousted the circuit court of jurisdiction over the partition suit. *Id.* at 202, 274 A.2d 347. It held that the subject property was placed in *custodia legis* "by virtue of the appointment of the trustee to make the sale of the property in the partition suit. . . ." *Id.* at 202, 274 A.2d 347. Thus, the property could not have been disturbed without the consent of the judge presiding over the partition suit. *Id.* at 202–03, 274 A.2d 347. The Court of Appeals additionally noted that in acting on the suit for partition/sale of the property, the circuit court was exercising its general equity jurisdiction. *Id.* at 202, 274 A.2d 347. It found nothing in the tax foreclosure statute to indicate the Legislature intended to disrupt the orderly exercise of the circuit court's equity jurisdiction over partition suits. *Id.* at 201–02, 274 A.2d 347.[2]

*Dampman* does not, as appellant contends, stand for the proposition that the mere filing of a complaint in a tax foreclosure matter places the subject property in *custodia legis.* In *Dampman,* it was the appointment of the trustee in the partition suit that placed the property in *custodia legis,* not the mere filing of the petition in that action. Moreover, if appellant's proposition were true, the Court in *Dampman* would have been compelled to reach a contrary result, for the *initial* bill to foreclose the equity of redemption in the property was filed *before* a trustee was appointed in the partition suit. 261 Md. at 198, 274 A.2d 347.

■ Appellant is not the first to construe the holding in *Dampman* too broadly. In *Gordon on Maryland Foreclosures* 177 (2d ed. 1985), the treatise author, discussing the *custodia legis* doctrine, cites *Dampman* for the proposition that "the property [in a mortgage foreclosure action] will be subject to the jurisdiction of the court where the

---

2. The Court was interpreting the predecessor tax foreclosure statute, Md.Code Ann. art. 81, §§ 70–123.

purchaser at a tax sale has filed a petition in the circuit court to foreclose the equity of redemption of the taxpayer. In such a situation it will be mandatory to redeem the property from the tax sale and remove the property from the jurisdiction of the circuit court." This is incorrect to the extent it would suggest that the mere filing of a complaint in a tax foreclosure action is sufficient to prevent a court from exercising its general equity jurisdiction after appointment of a trustee in a mortgage foreclosure action. Elsewhere, the treatise author states that "where the [mortgage] foreclosure has been docketed, it is proper to seek an injunction of any contemplated tax sale as the property is already under the jurisdiction of the court." *Gordon*, at 179. But it is not the mere filing of a mortgage foreclosure action that places the property in *custodia legis*. It is the appointment of a trustee in such an action which has the effect of precluding a circuit court from taking further action on a pending tax foreclosure action. The source of the author's confusion can be traced to his definition of *custodia legis*. He suggests the term means "in the custody or subject to the jurisdiction of the court." *Id.* at 177.

In the limited context of decisions interpreting bankruptcy statutes, some courts have equated *custodia legis* with jurisdiction and have held that the filing of a bankruptcy petition operates to place the property of the bankrupt in *custodia legis*. *See, e.g., In re Tax Service Ass'n of Illinois*, 95 F.2d 373, 375 (7th Cir.1938); *In re Breinig*, 40 F.Supp. 29, 34 (E.D.Pa.1941); *Coastal Production Credit Ass'n v. Oil Screw "Santee,"* 51 B.R. 1018, 1020 (S.D.Ga. 1985); *Brown Shoe Co. v. Schaefer*, 242 Ala. 310, 6 So.2d 405, 408 (1942). In other contexts, however, courts have held that *custodia legis* means more than acquisition of jurisdiction over a "controversy, a question or an inquiry"; it requires the court's domination over property. *See, e.g., Gawf v. Gawf*, 206 Okl. 73, 240 P.2d 1095, 1099 (1952); *Troll v. City of St. Louis*, 168 S.W. 167, 178 (Mo.1914). *See also* Words and Phrases, "Custodia Legis" (1968 & Supp. 1986), and cases cited therein. For the reasons stated

above, we adhere to the more restrictive interpretation of the *custodia legis* doctrine.

In the case *sub judice*, therefore, it matters not that Baltimore County filed its petition to foreclose the redemption rights before the trustee was appointed in the mortgage foreclosure action filed by appellee. It was the appointment of a trustee in appellee's action to foreclose the mortgage (which had the same effect as the appointment of the trustee in the partition suit in *Dampman*) that placed the property in *custodia legis*.

Appellant also relies on *Rouse v. Archer*, 149 Md. 470, 131 A. 753 (1926). In *Rouse*, the Court of Appeals held that the court below had properly enjoined the proposed tax sale of certain property after an assignee, in an effort to execute a power of sale under a mortgage, had filed a bond with the court, but before the assignee had made a sale and reported it to the court. *Id.* at 473–74, 131 A. 753.

The Court noted that:

... when the bond has been filed "the proceedings are brought under the cognizance and guidance of the court, and [sic] to be conducted and determined in all respects as ordinary sales by a *trustee appointed by decree....*" [Citation omitted.] There are substantial reasons why the rule, which forbids a sale of property for taxes after the passage of a decree in equity for its sale, should apply to prevent the conflict of authority which would arise if a tax sale were attempted after a proceeding for the execution of a power of sale under a mortgage has been instituted. If the right to proceed with the tax sale should be recognized as existing after the filing of a mortgage bond, and until a sale under the mortgage is reported, there would be opportunity for separate and antagonistic sales of the property to be simultaneously conducted.

*Id.* at 473, 131 A. 753 (emphasis added).

*Rouse* has been cited subsequently as standing for the proposition that "when property is [already] in *custodia*

*legis,* [the] tax collector may not sell property for overdue taxes, but must assert [a] claim in the pending equity proceeding...." *Kluckhuhn, supra,* 55 Md.App. at 45, 461 A.2d 16. It stands for this proposition only because the Court, in *Rouse,* specifically treated the assignee who had filed a bond in order to execute a sale under the mortgage as though he were "a trustee appointed by decree." 149 Md. at 473, 131 A. 753. Former article 66, section 9 of the Maryland Code mandated such treatment.[3]

Century-old decisions make clear that it is the appointment of a trustee or other judicial officer by a court exercising its equitable jurisdiction which places property in *custodia legis.* The Court of Appeals in *Hebb v. Moore,* 66 Md. 167, 169, 7 A. 255 (1886), held that after a decree has been passed by a court of equity for the sale of property, and trustees have been appointed to make such a sale, the property is in *custodia legis* and a tax collector may not seize and sell the same property. *See also County Commissioners of Prince George's County v. Clarke,* 36 Md. 206, 218–19 (1872) (to the same effect); E. Miller, *Equity Procedure* 459 (1897).

*Rouse, Hebb* and *Clarke* clearly support the concept that where the court has appointed a trustee in a mortgage foreclosure action any further action in a previously filed tax foreclosure proceeding would be prohibited. They do not, however, stand for the contrary proposition.

Appellant's final argument is that, despite the fact trustees are not appointed in a tax foreclosure action, tax foreclosure and mortgage foreclosure proceedings should be treated equally for *custodia legis* purposes. Appellant cites *Cahn v. Prince George's County Taxes, Inc.,* 38

---

**3.** Section 7 of art. 66 of the Md.Ann.Code (1924) required persons authorized to execute a power of sale conferred by a mortgage to give a bond to the State. Under sec. 9 of art. 66, any mortgage sale made under such power of sale was required to be reported to the court having chancery jurisdiction where the sale was made. The court was to proceed on such reports as if they were made by trustees under decree of the court.

Md.App. at 285, 378 A.2d 157, for this proposition. He relies on the following language in the Court of Special Appeals opinion: "Under the new [tax sale foreclosure] law a 'purchaser' at a tax sale is virtually a mortgagee. He can ... foreclose his lien and get either (a) marketable title to the property or (b) payment of his lien." *Id.*

The doctrine of *custodia legis* was not involved in *Cahn.* *Cahn* involved an interpretation of the statute prescribing the time limits within which a complaint to foreclose the rights of redemption must be filed by a tax sale purchaser.[4] *Id.* at 281–82, 378 A.2d 157. In *Cahn,* a purchaser of real property at a tax sale had filed suit to foreclose the rights of redemption within two years of the date of receipt of a certificate of tax sale as required by statute. *Id.* at 281, 378 A.2d 157. No final decree was obtained, however, over the next seven years. *Id.* at 282, 378 A.2d 157. The tax collector treated the first sale as a nullity and sold the property a second time, acting on the assumption that the tax foreclosure statute required a tax sale purchaser to both file his action *and* obtain a final decree within two years after receipt of a certificate of tax sale. This Court disagreed with the tax collector and held that although the statute required that such a suit be filed within two years it did not require that the action be concluded within that time in order to prevent a tax certificate from becoming void. Consequently, the second sale by the tax collector was held to be improper. *Id.* at 286–87, 378 A.2d 157.

The language in *Cahn* relied upon by appellant in the case *sub judice* must be considered in this context. In *Cahn* we were merely suggesting that the tax sale purchas-

---

4. Art. 81, § 100 of the Md.Code (1957) provided that: Unless a proceeding to foreclose the right of redemption is filed within two years of the date of the certificate of sale, the said certificate shall be void and any and all right, title and interest of the holder of the certificate of sale of [or] [sic] his predecessors thereof, in and to the property sold shall cease and all money received by the collector on account of the said sale shall be deemed forfeited, and shall be applied by the collector on the taxes in arrears on said property.

er and mortgagee have similar options. We used the term "foreclose" in the generic sense to convey that similarity. *Id.* at 285, 378 A.2d 157. That the mortgagee and the purchaser at a tax sale have the same options or rights, however, says nothing about the superiority or precedence of a tax sale foreclosure proceeding over a proceeding to foreclose a mortgage. *Cahn* can simply not be given the broad reading ascribed to it by appellant.

Other Maryland decisions have found the tax sale purchaser's interest in property to be in the nature of a mortgagee. *See, e.g., Keefauver v. Richardson,* 233 Md. 545, 550–51, 197 A.2d 438 (1963); *Shapiro v. National Color Printing Co., Inc.,* 191 Md. 194, 202–03, 60 A.2d 679 (1947). In *Shapiro,* the statement comparing the interests of the parties was made in the context of pointing out that the new tax foreclosure statute had the effect of ameliorating the position of the tax sale purchaser. The Court, in *dicta,* noted that,

> Under the old law a tax sale (if valid) "divested a citizen of his property without his assent, and often without his actual knowledge" (citation omitted), but the purchaser got a title that often was unmarketable and (if the sale was invalid) got none at all. Under the new law a "purchaser" at a tax sale is virtually a mortgagee.... Like a mortgage foreclosure this procedure gives the owner a right to redeem until foreclosure.... The right of redemption accompanies the right of foreclosure "so as to give the antidote with the bane."

*Id.* at 203, 60 A.2d 679. The decision merely points out that the rights to foreclose and to redeem of the taxpayer and owner, respectively, are correlative. *Id.* at 202, 60 A.2d 679.

*Keefauver* is likewise of little assistance to appellant. There the Court of Appeals held that the filing by appellants of an action to foreclose the right of redemption in certain property precluded the circuit court from taking action on a bill subsequently filed by appellee to quiet title to the property. 233 Md. at 550–51, 197 A.2d 438. This

holding was not based, however, on the *custodia legis* doctrine, but was instead mandated by then article 16, section 128 of the Maryland Code.[5] *Id.* at 548–49, 197 A.2d 438.

The interest of a tax sale purchaser is, as appellee has suggested, that of a lien against the property which, through the process of foreclosure, ripens into title. *Prince George's Homes, Inc. v. Cahn,* 283 Md. 76, 85, 389 A.2d 853 (1978); *see also Stewart v. Wheatley,* 182 Md. 455, 458, 35 A.2d 104 (1948).

We hold, therefore, that until such time as the court enters a final judgment foreclosing the rights of redemption there is nothing to prevent the exercise by the court of its general equity jurisdiction in a mortgage foreclosure action, including the right to order the sale of property in such an action.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

5.  Art. 16, § 128 of Md.Code Ann. (1957) then provided that a bill to quiet title could be sought only "when no action at law or any proceeding in equity is pending to enforce or test the validity of such title, lien or encumbrance, or other adverse claim." The *Keefauver* Court held the tax foreclosure proceeding was a proceeding to enforce or test the validity of appellants' lien. 233 Md. at 545, 197 A.2d 438.