655 A.2d 60

**Helen LaVALLEY**

v.

**ROCK POINT AERO SPORT CLUB, INC.**

**No. 1065, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

March 7, 1995.

Donald B.W. Messenger (William L. Callahan and Messenger & Associates, P.A., on the brief), Beltsville, for appellant.

Robert M. Burke (Mudd, Mudd & Fitzgerald, P.A., on the brief), La Palta, for appellee.

Argued before ALPERT, CATHELL and MURPHY, JJ.

CATHELL, Judge.

Appellant, Helen LaValley, appeals an order of the Circuit Court for Charles County (Clark, J., presiding), which denied her petition to foreclose the right of Rock Point Aero Sport Club, Inc., to redeem property purchased by appellant at a tax sale. Appellant assigns error to, *inter alia*, the trial court's extension of several deadlines imposed upon appellee within which redemption was to be made. She posits the following question for our review:

> Did the court err by failing to foreclose the right of redemption as to the subject property after the amount for redemption had been fixed by court order and the landowner did not redeem?

In essence, appellant seeks this Court's imposition of a specific time frame within which redemption must be effected and after which the trial court *must* foreclose the right to redeem.

In light of the reasons for which we make our decision, we decline to engage in judicial legislation. We shall affirm.

## FACTS

On May 21, 1991, appellant purchased certain real property located in Charles County, Maryland described as "Imps 1.202 Ac Rock Pt." from the Treasurer for Charles County. The property was subject to sale for appellee's nonpayment of taxes. A Certificate of Sale was issued to appellant by the Treasurer. On December 6, 1991, appellant instituted a proceeding to foreclose all the rights of redemption for the property against appellee and Citizen's Bank of Maryland, which held a note secured by a deed of trust of the property.[1] Appellee then filed a petition to fix the amount necessary to redeem on February 24, 1992. Appellant filed an answer thereto, challenging appellee's standing to redeem and the nature and status of its incorporation within the State.[2] Litigation of these issues substantially lengthened the proceedings; it was not until February 5, 1993 that an Amended Order was issued by the circuit court directing that appellant fix the amount necessary for redemption by February 25, 1993. Appellant appealed that decision to this Court. Appellant's appeal of the Amended Order to this Court was subsequently voluntarily dismissed and, on November 29, 1993, she filed a motion to fix the amount necessary to redeem. In an order issued December 28, 1993, the trial court then ordered that appellee tender this amount.

Appellee's failure to redeem immediately prompted appellant to file a petition for an order foreclosing the rights of redemption on February 1, 1994. Judge Clark, in a letter dated February 17, 1994, then permitted appellee until March 4, 1994 to redeem. On March 8, 1994, appellee filed a motion to defer execution of the order foreclosing rights of redemp-

---

1. Citizen's Bank is not a party to these proceedings and did not at any point object to a foreclosure of the right of redemption in the property.

2. These issues are not the subject of the instant appeal.

tion until March 21, 1994. The property was redeemed by appellee on that date and a motion, unsuccessfully challenged by appellant, for entry of an order of dismissal was granted.

On March 24, 1994, appellant moved the court to reconsider its March 14, 1994 order deferring execution of the order of foreclosure. A hearing on the motion was held June 1, 1994. It was denied on the basis of mootness. This timely appeal was then filed.

## LAW

In Maryland, tax sales are governed by Maryland Code (1985, 1994 Repl.Vol.), §§ 14–808–863 of the Tax–Property Article.[3] Under its provisions, following proper notice to the proper parties, a sale of property may be effected by the county's tax collector once an owner's tax payments are in arrears. § 14–808. A purchaser at such a sale is then issued a Certificate of Sale, which describes, *inter alia,* the property, the amount of sale, and the total amount of taxes due on the property, including any and all interest, penalties, and expenses incurred. § 14–820. It is not until six months after the purchase is made that the purchaser can initiate foreclosure by filing a complaint[4] with the trial court; the complaint must be filed within two years of the date of sale. § 14–833.[5]

---

3. All statutory references hereinafter shall refer to the Tax–Property Article, unless otherwise indicated.

4. The complaint must comport with the requirements of § 14–835 and contain the proper attachments, *i.e.,* an affidavit of search, § 14–838, and the Certificate of Sale, § 14–835.

5. Appellant complied with other statutory requisites: She filed a complaint six months after the sale, on December 6, 1991 (§ 14–833(a)); she attached a Certificate of Sale thereto (§ 14–835(b)); she also attached an affidavit of title search (§ 14–838); and the court issued process and public notice, on December 18, 1991, setting forth that the right of redemption will be foreclosed after February 20, 1992 (§ 14–839, 840). *See Scheve v. Shudder,* 328 Md. 363, 370–71, 614 A.2d 582 (1992). All that remained was entry of the final order by the trial court.

■ Before a final order or foreclosure may be issued, however, the amount the owner is required to pay in order to redeem his interest in the property must be established. § 14–829. Indeed, an owner retains his right of redemption until it has been "finally foreclosed" by the trial court. § 14–827.[6] If an owner fails to redeem, the purchaser acquires absolute title to the property. *Stewart v. Wheatley*, 182 Md. 455, 458, 35 A.2d 104 (1943). If, however, the owner is able to effect redemption, the purchaser is provided with his initial outlay and any accompanying interest. § 14–828. It is this risk (that the owner will redeem) that all tax sale purchasers take.[7]

## DISCUSSION

### A.

■ In her brief, appellant argues that, "[o]nce the amount necessary for redemption is fixed by the court, the landowner must redeem or the court must foreclose the right of redemption." She states that "[t]he case where a landowner exercises his right of redemption, but fails to follow through and pay the amount necessary for redemption is analogous to the situation where the landowner fails to exercise his right to redeem at all." Appellant misreads the law in this regard. Prior to actual foreclosure, a trial court does not have the authority to cut off an owner's right of redemption. The case law is very clear on this point. Indeed,

*[t]he court has no jurisdiction to deny a party of interest a right to redeem until the right of redemption has been*

---

6. Specifically, § 14–827 states:

   The owner or other person that has an estate or interest in the property sold by the collector may redeem the property at any time until the right of redemption has been finally foreclosed under the provisions of this subtitle.

7. *See St. George Antiochian Orthodox Christian Church v. Aggarwal*, 326 Md. 90, 91, 603 A.2d 484 (1992) ("Even after the sale the owner has a right to redeem the property by paying accrued taxes, interest, costs, and fees.").

*finally foreclosed by the issuance of a final decree....* The only authority given the court which is related to the right of redemption is that which arises when the right to redeem is exercised after an action to foreclose is instituted. *Even then, the court's jurisdiction is expressly limited 'to fix [ing] the amount necessary for redemption....'* Art. 81, § 94. Nowhere in the statute is there a hint of authority legislatively granted to the court to deny an owner or other person having an estate or interest in the property, the right to redeem. The court cannot invoke its general equity jurisdiction in tax sale foreclosure cases because in view of the special and limited jurisdiction outlined in the statute, the Legislature clearly did not contemplate nor grant the exercise of general equity jurisdiction therein. *Dampman v. Litzau and Sonntag,* 261 Md. 196, 202, 274 A.2d 347 [ (1971) ].

*Cahn v. Prince George's Homes, Inc.,* 38 Md.App. 280, 283, 378 A.2d 157 (1977), *aff'd,* 283 Md. 76, 389 A.2d 853 (1978) (emphasis added). *See also Voge v. Olin,* 69 Md.App. 508, 514, 518 A.2d 474 (1986) ("[T]he court's jurisdiction is expressly limited to 'fix[ing] the amount necessary for redemption.' "). Appellant goes on to argue that the "intention of the legislature was thwarted by the court's failure to foreclose the right of redemption" and states that "[t]here can be no other solution [but that the court foreclose the right of redemption upon expiration of the time limits imposed by the court], for if the court fails to foreclose the right of redemption there is no remedy for [tax sale purchasers] and the title to the subject property could remain unmarketable indefinitely." It was just this prospect that this Court contemplated and found to be no obstacle in *Cahn,* wherein we declared that

> when the words of a statute are clear and used in their natural and ordinary signification with a commonly accepted meaning, there is no room for interpretation. The statute [Art. 81, § 100, the predecessor of the current § 14–827] *... places no time limitation upon concluding a foreclosure proceeding and obtaining a final decree....*
>
> ....

... Since there is no statutory limitation upon concluding such suit, it presumably may "hang fire" interminably, subject only to dismissal for procedural inaction. ...

38 Md.App. at 284, 378 A.2d 157 (emphasis added, citations omitted). The Court of Appeals's 1955 case of *Brashears v. Collison,* 207 Md. 339, 115 A.2d 289, provides further support for this proposition. Quoting the predecessor of the current tax sales statute, Art. 81, § 98, the Court stated:

"The right to redeem shall, nevertheless, exist and continue *until finally barred* by the decree of the court of equity in which the foreclosure proceeding is filed."

207 Md. at 351, 115 A.2d 289 (some emphasis omitted). The Court then quoted § 90 of that same article, wherein it was stated that "[t]he owner or other person having an estate or interest in the property ... may redeem the said property *at any time* until the right of redemption has been finally foreclosed," and noted that "[t]hese sections [§ 98 and § 90] specifically provide that the right to redeem shall exist and continue until finally barred by the decree of foreclosure. The burden is on the holder of the certificate of tax sale to bring the foreclosure proceedings." 207 Md. at 351–52, 115 A.2d 289 (some emphasis omitted).

In the case *sub judice,* appellant timely sought to foreclose appellee's right of redemption in the property by filing her complaint on December 4, 1991. Appellant subsequently opposed appellee's petition to fix the amount necessary to redeem on standing and incorporation grounds. This extended the proceedings by more than a year. In retrospect, the inability to foreclose for a prolonged period of time because of the court's failure to foreclose, may have been unreasonable and, the trial court's failure to enter a final decree of foreclosure may be error. But, where, as in the case *sub judice,* the tax sale purchaser causes such an extended delay, the trial court's thirty-day extension of the execution of the foreclosure would be, and, in the case at bar, is, *de minimis.*

While there may indeed be a time after which redemption would be unreasonable and unjust to the tax sale purchaser, we hold that this is not such a case. We further decline to hypothesize as to the nature and extent of such a time or postulate as to what it should be. It is an issue best left to the Legislature for resolution, as "[t]he method of foreclosure of the right to redeem lies within the legislative discretion, and the method prescribed by the statute must be followed" unless otherwise directed. *Id.* at 352–53, 115 A.2d 289 (citation omitted). Under the facts of the case *sub judice* and given the court's inability to bar redemption by the owner prior to foreclosure, the trial court committed no error in deferring entrance of the final decree of foreclosure to enable appellee to redeem its property.

### B.

Appellant also assigns error to the trial court's alleged failure to apply the doctrine of laches against appellee to deny its right to redeem. Appellant urges that "[i]t was eminently unjust to allow [appellee] to delay redemption. The delay was prejudicial and unjust to [appellant] in that she did not receive marketable title to the property and did not receive the interest on her original outlay."

Appellant, however, confuses the reason for the lengthy delay in the instant case. It was she who interposed arguments of standing and incorporation, which protracted the litigation. Following resolution of those issues, appellee was then required to assemble the amount necessary to redeem and simply requested that the court defer its entry of foreclosure for a reasonable amount of time in order that it might do so. Moreover, "[l]aches is an equitable doctrine and its application depends upon the facts and circumstances of each case. Its purpose is to do justice and it is never invoked unless it accomplishes that end." *Id.* at 352, 115 A.2d 289 (citing *Connelly v. Connelly,* 190 Md. 79, 84, 57 A.2d 276 (1948)). Appellant's " '. . . claim is one of legal title. . . . If a legal right gets into equity, the statute governs.' " *Id.* 207

Md. at 353, 115 A.2d 289 (quoting *Fisher v. Davis,* 77 Utah 81, 291 P. 493 (1930)). The statute at issue in the case *sub judice* plainly does not permit the trial court to bar the owner from redeeming before entry of the order of foreclosure. The circumstances under which and times within which this *must* be accomplished are matters, as we have said before, for legislative resolution. Moreover, as we indicated in *Cahn, supra* (citing *Dampman, supra*), "The Legislature . . . did not contemplate . . . the exercise of general equity jurisdiction [in regards to tax sales]." 38 Md.App. at 283, 378 A.2d 157. Laches is an equitable principle not normally applicable to tax sales. We perceive no error in the trial court's failure to apply the doctrine of laches to the case *sub judice.*

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**[8]

---

**8.** We do not mean to suggest that the delay by the trial court in signing an order foreclosing the right of redemption is something that should generally be done. Our holding is limited to this case. We further note that, had the trial court executed the order to foreclose when it first qualified for execution, it would not have erred.