REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 0856

September Term, 2015

FELTON R. HOOD, et ux.

v.

JOHN E. DRISCOLL, III, et al.
SUBSTITUTE TRUSTEES

Woodward,
Leahy,
Wilner, Alan M. (Retired, Specially
Assigned)

JJ.

Opinion by Wilner, J.

Filed:  April 28, 2016

In 2007, appellants executed a note in the amount of $345,000 and, as security for the note, a deed of trust on their home in Harford County. The note called for interest on the loan at the rate of 6.805 percent. Appellants defaulted on their obligations under the note and deed of trust, and, in July 2013, the substitute trustees under the deed of trust instituted foreclosure proceedings in the Circuit Court for Harford County. Appellants were able to forestall a sale of the property for two-and-a-half years, first by requesting mediation, which failed, and then seeking protection from the U.S. Bankruptcy Court, which was partly successful. The Bankruptcy Court discharged them from the underlying debt but permitted the sale to proceed.

The sale was conducted on January 21, 2015. In the Notice of Sale sent to appellants and published in two newspapers of general circulation in the county earlier that month, the trustees stated, as one of the terms of sale, that interest would accrue on any unpaid part of the purchase price at the rate of 6.805 percent - the same rate as provided in the note - from the date of sale to the date of settlement. No objection was made to that provision by appellants prior to the sale. The property was sold to Federal National Mortgage Association, for $490,005, that being the highest bid and the full amount of the debt that had been owed by appellants and discharged in bankruptcy. In his Report of Sale, filed on February 18, 2015, the substitute trustee affirmed that the sale was fairly made and that the property brought a fair price. The purchaser filed the required affidavit that no one was discouraged from bidding.

The seeds of this appeal were planted on March 20, 2015, when appellants filed exceptions to the foreclosure sale. The sole ground raised by them was that the interest rate on the purchase price was "excessive." With no supporting documentation, but with a request for a hearing, they claimed that "[i]t is well known and public knowledge that the current prevailing interest rate on mortgage loans is in the vicinity of 4 percent and the Court may take judicial notice of this fact under Rule 5-201(b) of the Maryland Rules." They contended that, in the absence of payment terms set in the lien instrument, terms set by the trustee must be reasonable and that it was not reasonable to require the purchaser to pay interest on the purchase price at the rate of 6.805 percent when the prevailing rate for mortgage loans was only about four percent. They urged that "it is quite likely that," absent the higher rate "the price could have been higher," and thus "a possibility that there could have been sufficient proceeds to yield some funds to Defendants."

The substitute trustee responded that (1) there was nothing improper about requiring the purchaser to pay the same rate appellants had agreed to pay, (2) if there was anything improper, it should have been raised in a pre-sale motion to enjoin the sale, (3) it is not a proper ground for exceptions designed to upset a sale, and (4) appellants were not prejudiced in any event, as charging a lesser rate would have reduced the amount paid for the property.

The court held a hearing on the exceptions, which mostly was limited to argument. The one item of evidence was in the form of a stipulation that, if called to testify, an

2

expert retained by appellants would opine that the 6.805 rate "was too high given the current market conditions and that a lower market based rate would yield a higher sale price and perhaps produced more qualified buyers." The proffer did not include any backup data for that opinion. The court accepted the proffered testimony, not as being persuasive but merely that the expert would so testify. The court listened to argument and, three weeks later, filed a Memorandum Opinion and Order denying the exceptions and ratifying the sale. The court assigned three reasons for ruling as it did: first, that the issues raised by appellants "were not filed in a timely fashion;" second, that those issues "are inappropriately raised at this stage of the proceeding;" and third, assuming that appellants' challenge to the sale *was* timely raised, it was legally insufficient to deny the trustee's request to ratify the sale.

We believe that the court erred in its first two conclusions but not in the third, which is dispositive.

## Timeliness; Appropriateness

There are two avenues by which a borrower may challenge a foreclosure sale. One is a motion to dismiss the foreclosure action or stay or enjoin a threatened sale; the other is to file exceptions to a sale that already has occurred.[1] The law regarding when one may or must be used to the exclusion of the other has shifted somewhat during the

---

[1] There is a third avenue of relief, directed not at the right to sell the property or to the conduct of the sale itself, but to the allowance or disallowance of expenses of the sale or the distribution of net proceeds. That is done through exceptions to the auditor's report following ratification of a sale. *See* Rules 14-305(f) and 2-543. No such exceptions were filed in this case.

past eight years, as both the Legislature and the Court of Appeals, in its rule-making capacity, attempted to respond to the disastrous fallout from Wall Street's inexcusable misadventure. The proper guidance is found in Rules 14-211 and 14-305(d) and in the recent case law interpreting those Rules. Rule 14-211 deals specifically with a motion to stay a sale or dismiss the foreclosure action altogether, both as to when such a motion may be filed and what it must contain. Rule 14-305(d) deals with exceptions to the trustee's or mortgagee's report of sale, including when they must be filed and, in an exceedingly brief statement, what they must contain. The Rules and the case law complement each other.

Rule 14-211(a)(3) requires that a motion to stay and dismiss must "state with particularity the factual and legal basis of each defense that the moving party has **to the validity of the lien or the lien instrument or to the right of the plaintiff to foreclose in the pending action.**" (Emphasis added). That describes the function of the motion – to raise a challenge to the foreclosure action itself -- not to the manner in which the sale is conducted but to whether there should be a sale at all.[2]

---

[2] That point was made clear in the 160th Report of the Court's Standing Committee on Rules of Practice and Procedure, which drafted Rule 14-211 for consideration by the Court of Appeals. The Committee advised:

> "The Rule attempts to strike a fair balance by providing borrowers and others with sufficient standing, who have a legitimate defense to the foreclosure, a reasonable and practical opportunity to raise the defense, but not allowing for frivolous motions intended solely to delay the proceeding. **Because the only basis for a stay of sale will be a defense to the lien or the action itself, the motion to stay will be treated as a motion to dismiss the foreclosure action.**" (Emphasis added).

Consistent with that function, Rule 14-211(a)(2)(A) requires that the motion must be filed prior to the sale. It sets forth alternative deadlines, depending on the circumstances. The one applicable here, where a "postfile" mediation was held, is 15 days after the administrative law judge selected to conduct the mediation filed a notice that no agreement had been reached in the mediation. That notice was filed in this case on September 19, 2013, which, subject to seeking an extension pursuant to subsection (a)(2)(C) of the Rule, which was not done, made October 4, 2013 the effective deadline for moving to dismiss the action or enjoin or stay any sale. No such motion was filed in this case, nor could it have been by that deadline, as notice of the sale was not published until January 2015.

Rule 14-305(d), which deals with exceptions to a sale, has a more narrow focus. Exceptions to a sale must set forth, with particularity, alleged irregularities in the sale itself. The court must ratify the sale if convinced that "the sale was fairly and properly made." The focus of the exceptions is on the conduct of the sale, not whether the trustee had a right to have the property sold.

The case law supports that distinction. Most recently, in *Thomas v. Nadel*, 427 Md. 441, 445 (2012), the Court of Appeals confirmed what it had said in *Bates v. Cohn*, 417 Md. 309 (2010) and *Maddox v. Cohn*, 424 Md. 379 (2012) – that a homeowner/borrower ordinarily "must assert known and ripe defenses to the conduct of a foreclosure sale prior to the sale, rather than in post-sale exceptions." *Thomas*, 427 Md. at 445, quoting from *Bates*, 417 Md. at 328. Consistently – harmoniously – with that

approach, *Bates* made clear that Rule 14-305 "is not an open portal through which any and all presale objections may be filed as exceptions, **without regard to the nature of the objection or when the operative basis underlying the objection arose and was known to the borrower."** *Bates*, at 327 (Emphasis supplied).

This Court expounded on that in *Jones v. Rosenberg*, 178 Md. App. 54, 69 (2008) and *Johnson v. Nadel*, 217 Md. App. 455, 466 (2014), giving as examples of the kinds of procedural irregularities properly raised in exceptions under Rule 14-305(d) "allegations such as the advertisement of sale was insufficient or misdescribed the property, the creditor committed a fraud by preventing someone from bidding or by chilling the bidding, challenging the price as unconscionable, etc." *See also Fagnani v. Fisher*, 418 Md. 371 (2011); *101 Geneva v. Wynn,* 435 Md. 233 (2013); *Maddox v. Cohn, supra*, 424 Md. 379, 399

Applying these principles, it is clear, for several reasons, that, without regard to the merits of appellants' objection, it was permissible to raise it as an exception to the Report of Sale. It was not the kind of objection that properly could be made under Rule 14-211. Appellants were not arguing any defect in the lien or lien instrument, or in the right of the trustee to sell the property. They were not challenging the validity of the note or deed of trust and were not contesting that they had defaulted on the debt or that the secured party or the trustees had failed to comply with a statutory or other legal precondition to proceeding with a foreclosure. Their sole complaint concerned the terms of the sale – something they claimed may have discouraged prospective bidders and

6

thereby depressed the price offered for the property.  Their objection fell squarely within the ambit of Rule 14-305(d) and not at all within the purview of Rule 14-211.  It was therefore appropriate for them to raise the issue of the interest rate through an exception to the Report of Sale.

## Merits of the Exception

Two inter-related principles are relevant in determining the validity of appellants' exception.  First, it is settled law that "there is a presumption that the sale was fairly made and that the antecedent proceedings, if regular on the face of the record, were adequate and proper, and the burden is upon one attacking the sale to prove the contrary."  *Burson v. Capps*, 440 Md. 328, 342-43 (2014), quoting from *Webster v. Archer*, 176 Md. 245, 253 (1939).  The party excepting to the sale has the twin burden of showing that the sale was invalid and that any claimed errors caused prejudice.  *Burson*, at 343; *see* also *Fagnani v. Fisher, supra*, 418 Md. at 384.  In reviewing the trial court's ruling on exceptions to a sale, we apply a *de novo* standard of review as to questions of law but do not substitute our judgment for that of the trial court as to findings of fact unless we find them to be clearly erroneous.  *Burson,* at 342, quoting from *Jones v. Rosenberg, supra*, 178 Md. App. at 68.

Second, trustees have general discretion to determine the manner and terms of a foreclosure sale.  *101 Geneva v. Wynn, supra*, 435 Md. at 251.  That discretion, however, is not unlimited.  The trustee has a duty "to protect the interest of all concerned persons to the foreclosure sale and to use reasonable diligence in producing the largest revenue

7

possible for the mortgaged property." *Maddox v. Cohn, supra*, 424 Md. at 395, quoting from *Pizza v. Walter*, 345 Md. 664, 679 (1997); *see also D'Aoust v. Diamond*, 424 Md. 549, 580-82 (2012).

The essence of appellants' exception was that the trustee violated that duty by requiring a higher-than-market rate of interest on the unpaid purchase price, thereby abusing his discretion in setting the terms of sale. The only prejudice alleged to have resulted from that decision was that "it is quite likely" that, absent the higher rate, the price "could have been" higher. The problem with that assertion is that it is based on pure speculation. Even accepting the proffered testimony of appellants' expert, no evidence was produced that anyone was dissuaded from bidding on the property by reason of the interest rate set by the trustee or that the successful bidder would have bid more had the rate been lower. Had no exception been filed, the sale could have been ratified and settlement completed within a month or two of the sale. No evidence was presented that the $490,005 bid for the property was an unfair price, much less a price so unfair as to warrant setting aside the sale and requiring the expenditure of additional funds to re-advertise and conduct another sale, without any indication that a higher price would be obtained.

We cannot fault the trial judge for refusing to assume, in the absence of evidence, that the extra 2.8 percent annual interest for that limited period had any effect whatever on the price obtained for the property. Balanced against that speculation is the fact that, had a lower rate been prescribed by the trustee without inducing a higher price, less

would have been received for the property. *See Busey v. Perkins*, 168 Md. 453, 457, 178 A. 254, 256 (1935) ("where the objection is based on inadequacy of price, courts are reluctant to order a resale unless there is some assurance that a better price would result.") For these reasons, we shall affirm the judgment of the Circuit Court.


JUDGMENT AFFIRMED; APPELLANTS TO PAY THE COSTS.