*Midaro Investments 2021, LLC v. Ari Gerzowski, et al.*, Nos. 1991 and 1992, Sept. Term, 2023, Opinion by Shaw, J.

**PROPERTY – DEED OF TRUST FORECLOSURE – JURISDICTION – DOCTRINE OF CUSTODIA LEGIS**

After the sale of real property in an action to foreclose the right of redemption under a deed of trust, but before the sale was ratified by the court, the same property was sold in a tax sale, and the tax sale purchaser obtained a judgment foreclosing the taxpayer's right of redemption. The circuit court subsequently vacated the judgment of foreclosure in the tax sale case and voided the tax sale certificate upon a conclusion that the subject property was in *custodia legis* in the previously filed deed of trust foreclosure action.

 "*Custodia legi*s" means in the custody or control of the law. *Voge v. Olin,* 69 Md. App. 508, 512 (1986). Property that is in *custodia legis* precludes action in another subsequent proceeding which would affect the property's disposition. Property is placed in *custodia legis* when the court appoints a trustee to sell the property. Property is not in *custodia legis* if the trustee is appointed by the beneficiary of the deed of trust. Because the trustee in the deed of trust foreclosure action was not appointed by the court, the property was not in *custodia legis* in the deed of trust foreclosure action. The circuit court erred in vacating the judgment of foreclosure in the tax sale proceeding.

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 1991

September Term, 2023

No. 1992

September Term, 2023

(Consolidated)

_____

MIDARO INVESTMENTS 2021, LLC

v.

ARI GERZOWSKI, ET AL.

_____

Shaw,
Nazarian,
Kehoe, Christopher B.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Shaw, J.

_____

Filed: December 23, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

* Albright, J., did not participate in the Court's
decision to designate this opinion for
publication pursuant to Md. Rule 8-605.1.

These consolidated appeals arise from overlapping proceedings in the Circuit Court for Baltimore City to foreclose rights of redemption in the same property. In December of 2019, the subject property, identified as 2702 Lighthouse Point East #518, Baltimore ("the Property"), was sold pursuant to a power of sale provision in a deed of trust ("trustee's sale") to Dominion Properties, LLC ("Dominion"), one of the two appellees in this matter. In May of 2021, prior to judicial ratification of the trustee's sale, the Property was sold at a tax sale to Midaro Investments 2021, LLC ("Midaro"), the Appellant. On June 7, 2023, at which time the trustee's sale to Dominion still had not been ratified, Midaro obtained a judgment foreclosing the taxpayer's rights of redemption. On July 20, 2023, Midaro was issued a fee simple deed to the Property.

Midaro subsequently filed exceptions to the notice of the unratified trustee's sale and moved to vacate the deed of trust foreclosure action. In support of the request for relief, Midaro provided the court with the certificate of tax sale, the judgment foreclosing the taxpayer's right of redemption, and the deed to the Property. The court overruled the exceptions, denied the motion to vacate, and issued a final order ratifying the trustee's sale. In the tax sale foreclosure case, the court vacated the judgment of foreclosure in favor of Midaro.

Midaro filed an appeal in both cases, which have been consolidated in this Court. Midaro presents three questions for our review, which we have merged into two and rephrased:[1]

_____

[1] In appeal number 1991, Appellant presented two questions:

1. Did the circuit court err in denying Midaro's exceptions to the trustee's sale based on a finding that Midaro failed to "set forth with particularity the alleged irregularity in the manner or conduct of the sale"?

2. Did the circuit court err in determining that, at the time of the tax sale, the Property was in *custodia legis* in the deed of trust foreclosure case?

For the following reasons, we hold the circuit court did not err in denying exceptions, but erred in concluding the Property was in *custodia legis*. Consequently, we vacate the orders at issue in both cases and remand for further proceedings.

## BACKGROUND

### *Deed of Trust Foreclosure Case*

In 2006, Ari Gerzowski executed a promissory note in the amount of $371,250.00. Repayment of the note was secured by a deed of trust on the Property, which included a

---

1. Did the Circuit Court for Baltimore City err in finding that Appellant failed to "set forth with particularity the alleged irregularity in the manner or conduct of the sale" when the basis of Appellant's Exception to Sale was that the Appellant had a Judgment Foreclosing Right of Redemption and the Foreclosure Sale continued for several years and was not timely ratified by the Circuit Court for Baltimore City?

2. Did the Circuit Court for Baltimore City err in entering an Order Overruling Appellant's Exceptions to Sale and Denying Motion to Vacate Foreclosure action based on its finding that the subject Property was in *custodia legis*?

In appeal number 1992, Appellant presented one question:

1. Did the Circuit Court for Baltimore City err in vacating Appellant's Judgment Foreclosing Right of Redemption, voiding Appellant's Tax Sale Certificate, and dismissing Appellant's Tax Sale Foreclosure based on its finding that the subject Property was in *custodia legis*?

2

power of sale provision. U.S. Bank National Association ("U.S. Bank"), the second appellee in this matter, was subsequently assigned the deed of trust.

On January 28, 2019, a substitute trustee appointed by U.S. Bank filed an Order to Docket foreclosure of the deed of trust in the circuit court. The substitute trustee filed a report of sale on December 18, 2019, stating the Property was sold to Dominion. On March 2, 2020, the court issued an order denying ratification of the sale on grounds that the Property was not properly identified in the report of sale.

Three days later, Governor Larry Hogan declared a State of Emergency due to the COVID-19 pandemic. Thereafter, the Supreme Court of Maryland issued an Administrative Order suspending residential foreclosures, tax sales, and evictions.

On October 23, 2020, Dominion filed a motion for abatement of interest and real property taxes accrued from March 2, 2020, until such time as the trustee's sale was ratified. As grounds for the motion, Dominion asserted the delay in ratification was attributable to neglect by the substitute trustee as well as the moratorium on foreclosure actions.

The substitute trustee filed an Exemption from Foreclosure Moratorium on March 1, 2021. The court denied the request for an order to proceed, stating that the declaration did not include the requisite averments needed to comply with the administrative order lifting the moratorium. On June 1, 2021, the substitute trustees filed an amended declaration of exemption from the foreclosure moratorium. On September 3, 2021, Dominion filed a request for the court to review the file for ratification, and on November

3

23, 2021, Dominion filed a second line requesting review. The court issued an order to proceed on January 28, 2022.

The court, also on that date, issued an order denying Dominion's motion for abatement of taxes. Dominion filed an appeal from that order which was dismissed for lack of jurisdiction because it was not taken from a final judgment and did not fall within any exception to the final judgment rule.[2]

On July 31, 2023, the court issued a notice stating the sale would be ratified and confirmed unless cause to the contrary be shown on or before August 30, 2023.

### Tax Sale Foreclosure Proceedings

While the deed of trust foreclosure action was still subject to the moratorium, the Collector of Taxes for the City of Baltimore conducted a tax sale on May 17, 2021. Midaro, the winning bidder, was issued a tax sale certificate. Midaro filed a complaint to foreclose rights of redemption in the Property on November 30, 2021. On June 7, 2023, the court issued an order which foreclosed rights of redemption in the Property, granted Midaro fee simple title, and directed the Director of Finance to issue a deed to the Property. Midaro was issued a fee simple deed to the Property on July 20, 2023.

### Midaro's Exceptions to Trustee's Sale and Motion to Vacate Deed of Trust Foreclosure Action

Midaro filed exceptions to the trustee's sale of the property on August 2, 2023, which included a motion to vacate the deed of trust foreclosure action. Attached as exhibits

---

[2] *Dominion Rental Holdings*, *LLC v. Menapace, et al.*, No. 2092, Sept. Term 2021 (Md. App. Jan. 30, 2023).

to the exceptions/motion to vacate was a copy of the certificate of tax sale, the judgment of foreclosure in favor of Midaro, and the deed granting Midaro fee simple title to the Property. Dominion filed an opposition to Midaro's exceptions. Dominion asserted the court should deny the exceptions because (1) they were filed over three years after the reported sale to Dominion and were therefore untimely; and (2) the tax sale foreclosure case had to be vacated on "jurisdictional *custodia legis* grounds[.]"

Midaro's exceptions were overruled by the court on November 17, 2023, on the grounds that Midaro "failed to set forth with particularity the alleged irregularity in the manner or conduct of the sale." In the same order, the court denied Midaro's motion to vacate the deed of trust foreclosure action. The court reasoned:

> [T]he tax collector had no right or authority to sell the [Property] at tax sale, as the [P]roperty was under the control and jurisdiction of this Court via the [deed of trust foreclosure] action. Rather, the taxes due on the [Property] were a lien against the [P]roperty to be paid and satisfied upon the sale of the [P]roperty by the substitute trustee herein. *See Prince George's Cnty. Com'rs v. Clarke*, 36 Md. 206, 211 (1872).
>
> The [c]ourt notes, further, that the [Property] was placed in *custodia legis* by virtue of the appointment of the substitute trustee to make the sale of the [P]roperty herein, and the tax collector did not petition the [c]ourt for authorization to sell the [P]roperty at tax sale. *See Dampman v. Litzau*, 261 Md. 196, 202 (1971).

The court then entered an order ratifying the trustee's sale of the Property to Dominion.

On that same date, the court, apparently *sua sponte*,[3] entered an order in the tax sale foreclosure case which (1) voided the certificate of tax sale held by Midaro; (2) vacated

---

[3] Dominion apparently served Midaro with a motion to vacate the judgment of foreclosure in the tax sale case, but the motion was not docketed by the court. Midaro filed

the judgment foreclosing the rights of redemption; (3) ordered the City of Baltimore to repay Midaro the amount paid at tax sale, plus interest; and (4) dismissed the tax sale foreclosure action. The court's rationale for its ruling was the same *custodia legis* analysis applied in the deed of trust foreclosure action.

These consolidated appeals followed.

## STANDARD OF REVIEW

"In reviewing the trial court's ruling on exceptions to a [foreclosure] sale, we apply a *de novo* standard of review as to questions of law but do not substitute our judgment for that of the trial court as to findings of fact unless we find them to be clearly erroneous." *Hood v. Driscoll,* 227 Md. App. 689, 697 (2016) (citing *Burson v. Capps*, 440 Md. 328, 342 (2014)) (citation omitted). "A factual finding is clearly erroneous if there is no competent and material evidence in the record to support it." *Hoang v. Hewitt Ave. Assocs., LLC*, 177 Md. App. 562, 576 (2007) (citing *YIVO Inst. for Jewish Research v. Zaelski*, 386 Md. 654, 663 (2005)).

We review a trial court's decision to deny a motion to vacate a foreclosure sale under an abuse of discretion standard. *Balageas v. Solomon*, 265 Md. App. 262, 267 (2025). "We review the trial court's legal conclusions de novo." *Id.* (citing *Granados v. Nadel*, 220 Md. App. 482, 501 (2014)). "A decision that is legally incorrect is an abuse of

---

an opposition to the motion to vacate, which was stricken by the court on the ground that Dominion did not file such a motion.

Consequently, we do not address Midaro's appellate argument that Dominion lacked standing and otherwise failed to comply with procedural requirements for filing a motion to vacate the judgment of foreclosure in the tax sale case.

discretion." *Id.* (quoting *U.S. Life Ins. Co. in City of New York v. Wilson*, 198 Md. App. 452, 464 (2011)).

"In the context of tax sales, a judgment foreclosing an owner's right of redemption can be reopened, after thirty days have passed, on the grounds of lack of jurisdiction or fraud." *Canaj, Inc. v. Baker and Div. Phase III, LLC*, 391 Md. 374, 401 (2006) (citing Md. Code Ann., Tax-Prop., § 14–845(a)). "In reviewing the decision below, 'the only issue before the appellate court is whether the trial court erred as a matter of law or abused its discretion in [ruling on] the motion.'" *Id.* at 400-01 (citation omitted).

## DISCUSSION

**I.      The court did not err in denying Midaro's exceptions to the trustee's sale of the Property.**

"There are two avenues by which a borrower may challenge a foreclosure sale. One is a motion to dismiss the foreclosure action or stay or enjoin a threatened sale; the other is to file exceptions to a sale that already has occurred." *Hood*, 227 Md. App. at 693-94 (footnote omitted). Here, Midaro did both.[4]

"The case law is clear as to the limited nature of valid exceptions to a foreclosure sale." *Devan v. Bomar*, 225 Md. App. 258, 267 (2015). "The focus of the exceptions is on the conduct of the sale, not whether the trustee had a right to have the property sold." *Hood*, 227 Md. App. at 695. "[E]xamples of the kinds of procedural irregularities properly

---

[4] Pursuant to Maryland Rule 14–211(a)(2)(A), a motion to stay or dismiss a foreclosure action must be filed prior to the sale, although the court may extend the time for filing the motion if good cause is shown. Md. Rule 14-211(a)(2)(C).

raised in exceptions under Rule 14–305(d) [include] 'allegations such as the advertisement of sale was insufficient or misdescribed the property, the creditor committed a fraud by preventing someone from bidding or by chilling the bidding, challenging the price as unconscionable, etc.'" *Id.* at 696 (citations and quotation marks omitted). We conclude the court did not err in overruling Midaro's exceptions to the sale as they related not to the conduct of the sale, but to the ability of the substitute trustee to pass title to Dominion.

## II. The court erred in concluding the Property was in *custodia legis* in the deed of trust foreclosure action.

"The phrase 'custodia legis' means in the custody or control of the law." *Voge v. Olin*, 69 Md. App. 508, 512 (1986) (citing *Buckey v. Snouffer*, 10 Md. 149, 150 (1856)). "The effect of placing given property in the custody of the court in one proceeding is to preclude action in another subsequent proceeding which would affect the property's disposition." *Id.* "The proper course for complainants seeking to affect the disposition of property in *custodia legis* is to intervene in the initial action." *Id.*

The doctrine of *custodia legis* is distinct from a court's "mere acquisition of jurisdiction over an action affecting property." *Id.* Relevant to the issue in this appeal, this Court has held "it is not the mere filing of a mortgage foreclosure action that places the property in *custodia legis*. It is the appointment of a trustee in such an action which has the effect of precluding a circuit court from taking further action on a pending tax foreclosure action." *Id.* at 517.

In denying Midaro's motion to vacate the foreclosure action, the court concluded "the tax collector had no right or authority to sell the [Property] at a tax sale, as the

8

[P]roperty was under the control and jurisdiction" of the court in the deed of trust foreclosure action. The court reasoned that the Property was "placed in *custodia legis* by virtue of the appointment of the substitute trustee" in the deed of trust foreclosure action. The court employed the same rationale in vacating the judgment of foreclosure in the tax sale proceedings and voiding the tax sale certificate held by Midaro.

Midaro asserts the Property was not in *custodia legis* at the time of the tax sale because the substitute trustee in the deed of trust foreclosure was not appointed by the court, but by the beneficiary of the deed of trust. Midaro further claims the court erred in ratifying the trustee's sale because, at the time the order of ratification was entered, Midaro had been granted a judgment foreclosing rights of redemption in the tax sale case and was in possession of a deed to the Property.

Dominion contends the Property was in *custodia legis* at the time the deed of trust foreclosure action was filed, and the fact that the court did not appoint a trustee to sell the property was immaterial. Similarly, U.S. Bank claims "[t]he filing of the foreclosure itself is what grants [the court] power over the property."

We agree with Midaro that Maryland law on the subject of *custodia legis* does not support application of the doctrine in an action to foreclose a lien instrument where the trustee is not appointed by the court. In *Voge*, this Court explained:

> Century-old decisions make clear that it is the appointment of a trustee or other judicial officer *by a court* exercising its equitable jurisdiction which places property in *custodia legis*.

9

> *Rouse*, *Hebb*, and *Clarke*,[5] clearly support the concept that *where the court has appointed a trustee* in a mortgage foreclosure action any further action in a previously filed tax foreclosure proceeding would be prohibited.

*Voge,* 69 Md. App. at 519 (emphasis added); *see also Dampman v. Litzau*, 261 Md. 196, 202 (1971) (holding the subject property became in *custodia legis* "by virtue of the appointment of the trustee[,]" whom the trial court had appointed).

U.S. Bank advances numerous arguments as to why *custodia legis* applies here, none of which are persuasive.[6] First, it argues that, although the courts in *Voge* and *Dampman* concluded it was the appointment of a trustee by the court that placed the property in *custodia legis*, it was only because, in those cases, there was no trustee already appointed by a party to the action. According to U.S. Bank, where an action to foreclose a lien instrument is filed and a trustee is designated by an individual or entity other than the court, "[c]ustody of the Property in the [c]ourt [is] self-effectuating upon the filing of the action to foreclose, rather than upon the [c]ourt affirmatively taking custody by appointing a trustee." In support of this contention, U.S. Bank relies on Maryland Rule 14-203(b), which provides "[t]he court's jurisdiction over the property subject to the lien attaches when an action to foreclose is filed."

---

[5] The Court was referring to *Rouse v. Archer*, 149 Md. 470 (1926); *Hebb v. Moore*, 66 Md. 167, 169 (1886); and *County Commissioners of Prince George's Cnty. v. Clarke*, 36 Md. 206 (1872).

[6] U.S. Bank alternatively maintains the court's decisions can be affirmed because "the filing of a second equitable action regarding the title to real property when an equitable action is already pending" is barred by § 14-108(a) of the Real Property Article. That statute, however, is applicable only to actions to quiet title and has no bearing on an action to foreclose a taxpayer's rights of redemption.

10

U.S. Bank, like the appellant in *Voge*, has "misconstrued the doctrine of *custodia legis* and has erroneously equated it with the court's mere acquisition of jurisdiction over an action affecting property." *Voge*, 69 Md. App. at 512. Maryland adheres to a "more restrictive" interpretation, under which "*custodia legis* means more than acquisition of jurisdiction over a 'controversy, a question or an inquiry; it requires the court's domination over a property.'" *Id.* at 517-18 (citation modified) (citations omitted). In the context of a deed of trust foreclosure action, property is not in *custodia legis* if the trustee is appointed by an individual or entity other than the court. *See Lust v. Kolbe*, 31 Md. App. 483, 490 (1976) ("[a] trustee may be appointed without the necessity of a court order, as e.g., by a trust, will, mortgage, or deed. His powers usually stem from the instrument creating the position and not by a decree of court. The property in the hands of a trustee is not in custodia legis.") (citation omitted);[7] *Accord Hinkley v. Art Students' League of New York*, 37 F.2d 225, 226 (4th Cir. 1930) (testamentary trustees "are not officers, such as receivers, administrators, sheriffs, and marshals, whose possession of property is the possession of the court.").

U.S. Bank erroneously claims this Court, in *Quillens v. Parker*, 171 Md. App. 52 (2006), "noted its belief" that "anyone legally authorized to conduct a sale of property is a court-appointed trustee." This argument lacks merit. Noticeably, the excerpt U.S. Bank quotes is missing pivotal language. In full, the quoted sentence reads as follows (omitted

---

[7] In a footnote, the Court noted: "we are not, in this opinion, speaking of any powers, duties, or responsibilities of a trustee in a bankruptcy proceeding." *Lust v. Kolbe*, 31 Md. App. 483, 490 n.8 (1976).

11

language in italics): "*In the instant matter, we shall assume that* an individual authorized to exercise the power of sale in a mortgage or deed of trust is a 'court-appointed trustee' within the meaning of the cases reviewed above." *Quillens*, 171 Md. at 67 (emphasis added). Read in context, it is clear the Court was merely making a factual assumption expressly limited to the case before it.

U.S. Bank cites as potentially persuasive a federal trial court opinion, *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635 (D. Md. 2015).[8] In that case, the federal court determined it lacked jurisdiction to issue a declaratory judgment that property was not subject to foreclosure because a foreclosure action involving the same property had previously been filed in state court. *Id.* at 642. In dismissing the declaratory judgment action, the district court relied on the doctrine of "prior exclusive jurisdiction," which "applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, concurrent proceeding." *Id.* U.S. Bank draws our attention to the fact that the substitute trustees in the foreclosure case in *Tucker* were appointed by the lender, not by the court.

We find no persuasive value in *Tucker*. Although the district court noted that, for the prior exclusive jurisdiction doctrine to apply, the court in the previously filed action "has possession or must have control of the property which is the subject of the litigation[,]"

---

[8] "An opinion of a federal district court is not binding on the circuit court or on this Court, but at most might be a persuasive authority." *Selective Way Ins. Co. v. Nationwide Property & Cas. Ins. Co.*, 242 Md. App. 688, 731 (2019), *aff'd* 473 Md. 178 (2021). If "the reasoning which supports the court's opinion fails to persuade, [the opinion is] no authority at all." *Id.* (citation modified).

*id.* at 642, it is not clear the parties raised the issue of whether a foreclosure action involving a trustee not appointed by a court vests the court with possession or control of the property. To the extent the district court considered the issue and concluded that the state court had possession or control of the property, even though the trustee was appointed by the lender and not the court, we would respectfully disagree.

The final legal argument advanced by U.S. Bank is that "another *custodia legis* point of attachment" is the posting of a bond by the trustee, which, in this case, was November 27, 2019, two years before the tax sale foreclosure action was filed. In support of its assertion, U.S. Bank cites *Rouse v. Archer*, 149 Md. 470 (1926), where the Court stated: "when the bond has been filed, 'the proceedings are brought under the cognizance and guidance of the court, and to be conducted and determined in all respects as ordinary sales by a trustee appointed by decree.'" *Id.* at 473 (citation omitted). However, at the time *Rouse* was decided, a statute then in effect required that anyone filing a report of sale be treated as a court-appointed trustee:

> *Rouse* has been cited . . . as standing for the proposition that when property is [already] in *custodia legis*, [the] tax collector may not sell property for overdue taxes, but must assert [a] claim in the pending equity proceeding[.] It stands for this proposition only because the Court, in *Rouse*, specifically treated the assignee who had filed a bond in order to execute a sale under the mortgage as though he were "a trustee appointed by decree." Former article 66, section 9 of the Maryland Code mandated such treatment.

*Voge*, 69 Md. App. at 519 (citation modified).[9] We are aware of no provision in current law governing foreclosure of a lien instrument that requires the court to treat a person who

---

[9] The statute the Court referred to provided:

13

files a bond as a court-appointed trustee. Consequently, U.S. Bank's reliance on *Rouse* is misplaced.

The only authority Dominion cites in support of its argument that the doctrine of *custodia legis* is not limited to situations where there is a court-appointed trustee is *Zorzit v. 915 W. 36th St., LLC*, 197 Md. App. 91 (2011). Dominion relies on the following language:

> the purchase and sale transaction at any judicial sale is governed by general principles of contract, with the court acting as vendor. As vendor, the court acts through its agent, the trustee, who reports to the Court the offer of the bidder for the property; if the offer is accepted, the sale is ratified, and thereupon, and not sooner, the contract of sale becomes complete.

*Id.* at 102 (citation modified) (quoting *White v. Simard*, 152 Md. App. 229, 241-42 (2003), *aff'd,* 383 Md. 257 (2004)). Dominion argues, under *Zorzit*, the substitute trustee in the deed of trust foreclosure is a court-appointed trustee, and the "basic fact" that the deed of trust foreclosure "had to proceed under court process and supervision, where the [c]ourt is the 'vendor,' establishes that the [court] has custody and dominion over the Property for *custodia legis*. *Zorzit* lends no support to Dominion's argument as Dominion critically ignores that the trustee in that case was court-appointed. *Id.* at 93.

---

> All [mortgage foreclosure] sales shall be reported under oath to the court having chancery jurisdiction where the sale is made, and there shall be the same proceedings on such report as if the same were made by a trustee under a decree of said court, and the court shall have full power to hear and determine any objections which may be filed against such sale by any person interested in the property and may confirm or set aside the sale.

Md. Code (1924), Art. 66, § 9.

14

In sum, we hold that the court erred in concluding the Property was in *custodia legis* in the deed of trust foreclosure case. Consequently, the court abused its discretion in denying Midaro's motion to vacate the deed of trust foreclosure action and in vacating Midaro's judgment of foreclosure in the tax sale case on that basis.

The parties' briefs also include various equitable arguments. On remand, the court may consider such arguments in the exercise of its equitable jurisdiction and its discretion.

**IN CASE NO. 24-O-19-000164, ORDER OF THE CIRCUIT COURT FOR BALTIMORE CITY RATIFYING TRUSTEE'S SALE VACATED. ORDER DENYING APPELLANT'S EXCEPTIONS TO TRUSTEE'S SALE AFFIRMED. ORDER DENYING APPELLANT'S MOTION TO VACATE REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**IN CASE NO. 24-C-21-0005357, ORDER OF THE CIRCUIT COURT FOR BALTIMORE CITY DATED NOVEMBER 17, 2023. REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**PARTIES TO PAY THEIR OWN COSTS.**

15